**Manuel RIVERO, Appellant**

v.

**BLUE KEEL FUNDING, L.L.C., Appellee.**

No. 05–03–00419–CV.

Court of Appeals of Texas, Dallas.

Feb. 17, 2004.

Rayshun Jackson, Dallas, for appellant.

Charles Cobb, Tina Restuccia, Campbell & Cobbe, P.C., Dallas, for appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

This is a restricted appeal from a summary judgment. Manuel Rivero complains the trial court's judgment granted relief not sought in the pleadings and that he was deprived of notice of the proceedings against him. Because we conclude Rivero has not demonstrated error apparent from the face of the record, we affirm the trial court's judgment.

This dispute arises out of Rivsal Corp.'s failure to make monthly rental payments on two equipment leases. Blue Keel Funding, L.L.C., as assignee of the original lessor, sued Rivsal Corp., Rolando Salvador, and Rivero to recover the entire amount due under the leases, plus interest and attorney's fees. Blue Keel's petition alleged Rivero and Salvador executed the leases as guarantors. The petition also alleged Blue Keel fully performed under

the terms of the leases; Rivsal breached the leases by failing to make the required payments; and Rivsal refused Blue Keel's repeated demands for payment. Rivero, through counsel, filed a general denial.

Blue Keel moved for summary judgment seeking relief only against Rivero and Salvador based on their guaranties.[1] Rivero did not file a response to the motion, and the trial court granted summary judgment against him in the amount $52,127.27, plus interest and attorney's fees. Rivero filed this restricted appeal.

A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who, either in person or through counsel, did not participate at trial, and (4) the error complained of must be apparent from the face of the record. TEX.R.APP. P. 26.1(c) & 30; *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 353 (Tex.App.-Dallas 1999, pet. denied).

Before analyzing Rivero's complaints, we must first address Blue Keel's contention that because Rivero actively participated at trial, he is ineligible for relief by restricted appeal. Blue Keel asserts Rivero, through counsel, filed an answer to its petition, was served with but failed to respond to Blue Keel's request for admissions, and had notice of Blue Keel's motion for summary judgment and its intention to use discovery material as summary judgment evidence.

The pivotal question to be answered when analyzing the participation requirement of a restricted appeal is whether appellant took part in the deci-

---

1. After filing its answer to Blue Keel's lawsuit, Rivsal filed for bankruptcy invoking the automatic stay provisions under chapter 11 section 362 of the U.S. Bankruptcy Code. *See* 11 U.S.C. § 362 (2003).

sion-making event that results in the adjudication of his rights. *Texaco, Inc. v. Central Power & Light Co.,* 925 S.W.2d 586, 589 (Tex.1996). In the context of a summary judgment, we have held a restricted appeal is not available to a party who takes part in all necessary steps of the summary judgment proceedings but merely fails to attend the summary judgment hearing. *See Norman v. Dallas Cowboys Football Club, Inc.,* 665 S.W.2d 137, 139 (Tex.App.-Dallas 1983, no writ). In the case before us, however, Rivero did not respond to or appear at the hearing on Blue Keel's motion for summary judgment. Consequently, Rivero did not participate in the actual decision-making event from which the judgment against him resulted. *See Havens v. Ayers,* 886 S.W.2d 506, 509 (Tex. App.-Houston [1st Dist.] 1994, no writ); *El Periodico, Inc. v. Parks Oil Co.,* 923 S.W.2d 33, 34 (Tex.App.-Austin 1995), *rev'd on other grounds,* 917 S.W.2d 777 (Tex. 1996). We therefore conclude that Rivero did not sufficiently participate in the "actual trial" of the case so as to preclude relief by restricted appeal.

■ We next turn to whether Rivero has established error apparent on the face of the record.[2] Just like an ordinary appeal, a restricted appeal affords a review of the entire case. *Norman Communications,* 955 S.W.2d at 270. The only limitation is that the error must be apparent from the face of the record. *Id.*

■ Here, Rivero argues the court reversibly erred in granting summary judgment based on his guaranty because Blue Keel's petition did not assert any claim against Rivero in his individual capacity and did not seek recovery on the guaranty. We disagree.

■ The purpose of pleadings is to give an adverse party notice of the claims asserted and the relief sought. *Woolam v. Tussing,* 54 S.W.3d 442, 447 (Tex.App.-Corpus Christi 2001, no pet.). If a pleading alone allows us to ascertain with reasonable certainty the relevant elements of the cause of action asserted and the relief sought, then the pleading has provided fair notice. *See Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). Generally, we construe pleadings as favorably as possible to the pleader. *Woolam,* 54 S.W.3d at 447. The pleader's intention will be upheld even if some element of a cause of action has not been specifically alleged, and we infer every fact that can be reasonably inferred from what is specifically stated. *Id.*

■ A petition seeking recovery based on a guaranty must allege: (1) the existence and ownership of the guaranty, (2) performance of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor. *See Wiman v. Tomaszewicz,* 877 S.W.2d 1, 8 (Tex.App.-Dallas 1994, no writ).

As noted above, Blue Keel's petition named Rivero as a defendant and alleged specifically all but the last element to establish Rivero's liability under his guaranty. Although the petition's prayer does not specifically request relief against Rivero, we conclude the pleading gives fair notice that Rivero was being sued in his individual capacity as a guarantor under the lease agreements. Moreover, any dispute over the sufficiency of the pleading to state a cause of action against Rivero based on his guaranty should have been raised by appellant by special exception.

**2.** Blue Keel does not contest Rivero's compliance with the first and second requirements of a restricted appeal. Our review of the record confirms these elements have been satisfied.

*See* Tex.R. Civ. P. 91. Based on the record before us, we conclude that the trial court's summary judgment against Rivero is supported by the pleadings. We resolve Rivero's first issue against him.

■ Rivero also complains he was deprived of notice of the proceedings against him because his attorney never forwarded to him Blue Keel's requests for admissions, summary judgment motion, or post-judgment motions. Rivero asserts that because of his attorney's repeated failure to respond to Blue Keel's discovery requests and motions, the trial court should have required that Rivero be personally notified after Rivero's counsel failed to respond to Blue Keel's post-judgment motions.

■ The record before us contains no indication that Rivero did not receive copies of Blue Keel's filings. Instead, it simply reveals that neither Rivero nor his counsel responded to these filings. A silent record is insufficient to establish error in a restricted appeal when no one has the duty to ensure notice was affirmatively shown in the record. *See Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex.1991). Moreover, our review of the record demonstrates Rivero's counsel had been of record with the court since he filed an answer on Rivero's behalf. He remained Rivero's counsel of record throughout the pendency of the litigation. Thus, it was proper for Blue Keel to send all discovery requests, notices, and motions to his attention. *See* Tex.R. Civ. P. 8. Rivero has cited no authority, and we have found none, that would require Blue Keel to serve Rivero personally in addition to his counsel of record. Accordingly, Rivero's notice complaint does not establish error apparent from the face of the record.

We resolve Rivero's second issue against him.

We affirm the trial court's judgment.