In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-542 CV


____________________



CHARLTON P. HORNSBY, Appellant



V.



ALTER'S GEM JEWELRY, LTD., Appellee






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 98975






 MEMORANDUM OPINION 


 This is a restricted appeal from a summary judgment. See Tex. R. App. P. 30. 
Appellant, Charlton Hornsby, challenges a summary judgment granted in favor of appellee,
Alter's Gem Jewelry, Ltd. ("Gem"). Hornsby claims that he did not receive timely notice
of the summary judgment hearing; that the trial court abused its discretion when it denied his
motion to continue the hearing; and that genuine issues of material fact exist that preclude
the trial court from granting summary judgment in this case. Because Hornsby does not
demonstrate any error in his restricted appeal, we affirm the judgment of the trial court. On April 2, 2004, Gem filed suit against Hornsby to recover: (1) $10,910.61, due as
principal and interest on a charge account; (2) additional pre-judgment and post-judgment
interest; and (3) attorney's fees. Also, Gem sought to recover the jewelry that was the
subject of the account. See Tex. Bus. & Com. Code Ann. ch. 9 (Vernon 2002 & Supp.
2005). Hornsby filed a general denial in response to Gem's suit.

 On June 25, 2004, Gem filed a Motion for Summary Judgment. The certificate of
service indicated the motion and notice of hearing were served on Hornsby on June 25, 2004. 
On July 12, 2004, Hornsby filed objections to the summary judgment hearing date and a
motion for continuance. His motion, although verified, included no affidavits or other
corroborating evidence. On July 14, 2004, Hornsby filed an amended answer containing a
verified denial. 

 The court heard Gem's summary judgment motion on July 19, 2004. Hornsby did not
appear at the hearing. Following the hearing, the trial court granted Gem's summary
judgment motion and entered a Final Summary Judgment. After filing a Motion to Extend
Post Judgment Deadlines and an untimely Motion for New Trial, Hornsby filed a restricted
appeal. See Tex. R. Civ. P. 329(b)(allowing 30 days after judgment or order is signed for
filing a Motion for New Trial). 

 A restricted appeal must: (1) be brought within six months after the trial court signs
the judgment; (2) by a party to the suit; (3) who, either in person or through counsel, did not
participate at trial; and (4) the error complained of must be apparent from the face of the
record. Tex. R. App. P. 25.1(d)(7), 26.1(c), 30; Norman Commc'ns v. Texas Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997) (per curiam). A review by restricted appeal entitles the
appellant to the same scope of appeal as an ordinary appeal, except the error must appear on
the face of the record. Norman, 955 S.W.2d at 270. For purposes of a restricted appeal, the
face of the record consists of all the papers on file in this appeal, including the reporter's
record, if any. Id. 

 Hornsby meets the first two requirements for a restricted appeal. Hornsby also meets
the requirement under the facts and circumstances presented in this appeal for non-participation in the trial. Hornsby received notice of the summary judgment hearing, but the
record shows he did not file a summary judgment response or participate in the hearing. The
requirement of non-participation in the trial is a matter of degree, "because trial courts decide
cases in a wide variety of procedural settings." Texaco, Inc. v. Central Power & Light Co.,
925 S.W.2d 586, 589 (Tex. 1996). 

 In a summary judgment hearing, the trial court's decision is based upon written
pleadings and evidence rather than live testimony. See Tex. R. Civ. P. 166a(c). Therefore,
the non-movant need not be present to take part in the decision-making process. Texaco, 925
S.W.2d at 589. A party who has taken part in all steps of a summary judgment proceeding
except the hearing on the motion has participated in the "actual trial" that determined the
parties' rights. Id. However, "[t]he pivotal question to be answered when analyzing the
participation requirement of a restricted appeal is whether appellant took part in the decision-making event that results in the adjudication of his rights." Rivero v. Blue Keel Funding,
L.L.C., 127 S.W. 3d 421, 423-424 (Tex. App. - Dallas 2004, no pet.)(holding no
participation existed when appellant neither responded to summary judgment motion nor
appeared at hearing). Thus, the question is whether Hornsby participated in the "decision-making event" that results in the judgment. Id. 

 Even though Hornsby filed objections and requested a continuance in opposition to
the summary judgment hearing, nothing in the record demonstrates that Hornsby filed a
response to Gem's summary judgment motion. Instead, Hornsby objected to the notice he
was provided of the hearing date, and requested a continuance of the hearing date. We hold
that Hornsby has demonstrated that, by simply filing objections to the date the summary
judgment hearing was scheduled and requesting a continuance of the hearing, he did not
participate in the decision-making event. 

 The fourth element Hornsby must show to succeed in his restricted appeal is that error
is apparent on the face of the record. We review each of Hornsby's issues to determine if he
shows such error. 

 Hornsby, in his first issue, claims Gem failed to provide timely notice of the summary
judgment hearing. Rule 166a of the Texas Rules of Civil Procedure requires that a party
serve notice of a summary judgment hearing on opposing counsel at least twenty-one days
before the hearing date. See Tex. R. Civ. P. 166a(c); see also Aguirre v. Phillips Props., Inc.,
111 S.W.3d 328, 332 (Tex. App. - Corpus Christi 2003, pet. denied). Rule 21a provides that
when the method of service is by mail, "three days shall be added to the prescribed period." 
See Tex. R. Civ. P. 21a. 

 The parties do not dispute that service was provided by mail under Rule 21a. On June
25, 2004, as reflected by Gem's Certificate of Service, Gem mailed Hornsby the notice that
a summary judgment hearing would occur on July 19, 2004. Hornsby complains that he was
not afforded the full notice period because the post-mark stamped on the notice was June 26,
2004. Thus, Hornsby argues the notice period was one day less than that prescribed by law.
See Tex. R. Civ. P. 4, 21a, 166a(c); Lewis v. Blake, 876 S.W.2d 314, 315-16 (Tex.1994). 

 A certificate by a party or attorney of record is prima facie evidence of the fact of
service. Tex. R. Civ. P. 21a; Meek v. Bishop Peterson & Sharp, P.C., 919 S.W.2d 805, 809
(Tex. App. - Houston [14th Dist.] 1996, writ denied). The presumption of service may be
rebutted by an offer of proof of improper service. (1)
 Meek, 919 S.W.2d at 809. The only 
proffer by Hornsby on this issue is his statement in his verified Motion for Continuance, in
which he asserts "Plaintiff served its Motion for Summary Judgment by mail on Defendant
on June 25, 2004. It was not post-marked until June 26, 2004." 

 The trial court considered the pleadings on file, Gem's Motion for Summary
Judgment, Hornsby's submissions in opposition to the Motion for Summary Judgment, and
all other admissible evidence of record when rendering Final Summary Judgment. Thus, we
must assume the court disregarded the statements in Hornsby's verified Motion for
Continuance as inadmissible evidence because his statements were unsupported by affidavit.
See Tex. R. Civ. P. 251. Pleadings are not competent summary judgment evidence, even if
sworn or verified. Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660
(Tex.1995); Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971). Since
the record contains no competent evidence to contradict Gem's Certificate of Service,
Hornsby has not shown that he did not receive the required twenty-one day notice. Issue one
is overruled.

 In his second issue, Hornsby contends the trial court abused its discretion by not
granting his motion for continuance of the summary judgment hearing. Granting or denying
a motion for continuance is within the trial court's discretion; the trial court's decision will
not be disturbed absent a clear abuse of discretion. Villegas v. Carter, 711 S.W.2d 624, 626
(Tex. 1986). Here, Hornsby cannot complain that the trial court abused its discretion because
"[n]o application for a continuance shall . . . be granted except for sufficient cause supported
by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. 
Nothing on the face of the record shows that Hornsby's motion to continue met these
requirements. 

 Also, although Hornsby filed a motion for continuance, he failed to request a hearing
on the matter and he never received a ruling from the trial court. A party moving for a
continuance of a summary judgment hearing must obtain a ruling on its motion to preserve
a complaint for appellate review. See Tex. R. App. P. 33.1; Rangel v. State Bar of Texas, 898
S.W.2d 1, 3 (Tex. App. - San Antonio 1995, no writ). Because Hornsby never obtained a
ruling on his motion for continuance, he waived any error relating to the trial court's failure
to continue the summary judgment. Issue two is overruled. 

 In his third issue, Hornsby alleges that material fact issues precluded the trial court
from granting Gem's motion for summary judgment. Gem proved each element of its breach
of contract claim through affidavits submitted with its Motion for Summary Judgment. 
Hornsby filed no summary judgment evidence in response to Gem's motion. 

 Hornsby states in his brief that he filed a First Amended Answer with Verified Denial
because he thought "[Gem] believed it had filed a suit on a sworn account" and his original
general denial was "insufficient to raise any issues of material facts on the elements of 
Plaintiff's causes of action." Gem argues the verified denial was not properly before the trial
court because it was filed less than seven days before the summary judgment hearing and
without leave of court as required in Tex. R. Civ. P. 63. There is no indication in the record
that Hornsby obtained leave of court to file his verified denial. 

 Even if we consider the verified denial as timely filed, Hornsby's argument that his
verified denial raises fact issues is without merit because "[g]enerally, pleadings are not
competent evidence, even if sworn or verified." Laidlaw Waste Sys., Inc., 904 S.W.2d at 660
(citing Hidalgo, 462 S.W.2d at 545). As Hornsby failed to show that a material fact issue
exists, the trial court did not err in granting Gem's motion for summary judgment. Issue
three is overruled.

 Because Hornsby shows no error on the face of the record, we affirm. 

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice




Submitted on September 15, 2005

Opinion Delivered November 17, 2005

Before McKeithen, C.J., Kreger and Horton, JJ.



1. Rule 21a further provides:

Nothing herein shall preclude any party from offering proof that the
notice or instrument was not received, or, if service was by mail,
that it was not received within three days from the date of deposit
in a post office or official depository under the care and custody of
the United States Postal Service, and upon so finding, the court may
extend the time for taking the action required of such party or grant
such other relief as it deems just.

Tex. R. Civ. P. 21a.