TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00581-CV






Valerie Thomas Bahar, M.D. and Valerie Thomas Bahar, M.D., P.A., Appellants


v.


Lyon Financial Services, Inc., A Minnesota Corporation d/b/a
U.S. Bancorp Manifest Funding Services, Appellee






FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. C-1-CV-06-003390, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING





O P I N I O N



 In this restricted appeal, appellants Valerie Thomas Bahar, M.D. and Valerie Thomas
Bahar, M.D., P.A. (collectively "Bahar") appeal two post-judgment orders, asserting that the trial
court erred in compelling discovery, imposing discovery sanctions on Bahar and her attorney
(including assessing attorney's fees), amending a pre-existing turnover order, and denying Bahar's
motion for continuance. We will dismiss the appeal in part for lack of subject-matter jurisdiction,
reverse the imposition of attorney's fees against Bahar, and otherwise affirm the trial court's orders.


FACTUAL AND PROCEDURAL BACKGROUND

 Appellee Lyon Financial Services, Inc., a Minnesota Corporation d/b/a U.S. Bancorp
Manifest Funding Services ("Lyon"), obtained a default judgment in Minnesota against Bahar that
it later domesticated in Travis County. To aid in enforcing the judgment, the trial court signed a
turnover order appointing Riecke Baumann as master in chancery and receiver of Bahar's
non-exempt assets. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 2008) (statute
authorizing turnover order and appointment of receiver); Tex. R. Civ. P. 171 (rule authorizing
appointment of master in chancery). Attempting to locate Bahar's non-exempt assets, Baumann
propounded various written discovery requests on Bahar and also took her deposition. Bahar's
counsel objected to numerous discovery requests and terminated her deposition early due to a dispute
with Baumann. Baumann filed a motion to compel and a motion to amend the turnover order to
expand his investigative powers. Baumann also requested attorney's fees for the time he spent
drafting and arguing both motions. Baumann scheduled these motions for hearing. Asserting that
her attorney had a scheduling conflict, Bahar moved to continue the hearing on Baumann's motions,
but did not set her motion for continuance for hearing or otherwise submit the motion to the trial
court for a ruling. The hearing, which Baumann and counsel for Lyon attended but Bahar and her
attorney did not, proceeded as scheduled. At the hearing, the court granted Baumann's motions and
denied Bahar's motion for continuance. The court later memorialized its grant of Baumann's
motions in two orders, but did not reduce to writing its oral denial of Bahar's motion for
continuance. Bahar initially sought mandamus relief from the court's rulings, which this Court
denied. See In re Bahar, No. 03-09-00359-CV, 2009 WL 2437222, at *1 (Tex. App.--Austin
July 28, 2009, orig. proceeding [mand. denied]) (mem op.). After we denied her petition for
mandamus, Bahar filed this restricted appeal.

STANDARD OF REVIEW

 To prevail on a restricted appeal, the appealing party must establish that: (1) it filed
notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to
the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment
complained of and did not timely file any postjudgment motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record. Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 848 (Tex. 2004) (citing Tex. R. Civ. P. 26.1(c), 30; Quaestor Invs., Inc.
v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999)). We cannot consider any extrinsic evidence;
our review is limited to the face of the record. Id. "The face of the record, for purposes of a
restricted appeal, consists of all the papers that were before the trial court when it rendered its
judgment." Cox v. Cox, 298 S.W.3d 726, 731(Tex. App.--Austin 2009, no pet.) (citing Alexander,
134 S.W.3d at 848-49).


DISCUSSION In five issues, Bahar asserts that (1) she "can prevail on [her] restricted appeal";
(2) the trial court abused its discretion in denying her motion for continuance; (3 & 4) the order
compelling discovery is "void as a matter of law" or, alternatively, the trial court abused its
discretion in granting Baumann's motion to compel; and (5) the trial court abused its discretion in
rendering the amended turnover order. In response, Lyon argues that this Court lacks subject-matter
jurisdiction over Bahar's appeal because there is no "final judgment" as that term is understood in
the context of a post-judgment receivership proceeding. In the alternative, Lyon asserts that Bahar's
restricted appeal should fail because Bahar (1) "participated" in the proceeding resulting in the orders
on appeal, and (2) failed to show error on the face of the record. Lyon also requests that we impose
sanctions against Bahar's counsel for filing a frivolous appeal.


Does this Court Have Jurisdiction over Bahar's Appeal?

 Generally, appellate courts have jurisdiction only over appeals from "final judgments"
and certain appealable interlocutory orders. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex.
2001); Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008) (listing appealable interlocutory
orders). In the present case, the domesticated Minnesota judgment is the "final judgment" between
the parties, as it disposes of all claims and all parties in the underlying lawsuit. See Lehmann,
39 S.W.3d at 200; see also Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any
cause except where it is otherwise specially provided by law."). Although the orders appealed here
were rendered in proceedings held in aid of satisfying that judgment and thus do not fit into
Lehmann's conventional final-judgment analysis, we are not without guidance.


 (i) Turnover/Receivership Order

 Although most writs and orders in aid of execution are not appealable, the supreme
court has held that a turnover order is a final, appealable judgment. Schultz v. Fifth Judicial
Dist. Court of Appeals, 810 S.W.2d 738, 740 (Tex. 1991), abrogated on other grounds by
In re Sheshtawy, 154 S.W.3d 114, 124-25 (Tex. 2004); see also Burns v. Miller, Hiersche, Martens
& Hayward, P.C., 909 S.W.2d 505, 506 (Tex. 1995) (per curiam) (holding that appellate court erred
in applying interlocutory appellate deadlines to appeal from turnover order "because a turnover order
is a final, appealable judgment"). We also have jurisdiction over a trial court order "that
resolves a discrete issue in connection with any receivership." Huston v. Federal Deposit Ins. Corp.,
800 S.W.2d 845, 847 (Tex. 1990) ("pre-judgment" receivership proceeding). Further, we and our
sister courts have exercised jurisdiction over the post-judgment appointment of a receiver when that
appointment was made pursuant to the turnover statute. See Moyer v. Moyer, 183 S.W.3d 48, 51
(Tex. App.--Austin 2005, no pet.); see also Stanley v. Reef Sec., Inc., 314 S.W.3d 659, 670 (Tex.
App.--Dallas 2010, no pet.); Suttles v. Vestin Realty Mortgage I, Inc., Nos. 01-09-01023-CV
& 01-10-00071-CV, 2010 WL 1611765, at *2 (Tex. App.--Houston [1st Dist.] Apr. 22, 2010, no
pet.) (mem. op.).

 Lyon concedes that we would have had jurisdiction over an appeal from the initial
turnover order that was rendered in 2007 if Bahar had timely appealed that order. See Valerie
Thomas Bahar, M.D., P.A. v. Lyon Fin. Servs., Inc., No. 03-07-00469-CV, 2009 WL 2341864, at
*4 (Tex. App.--Austin July 28, 2009, no pet.) (mem. op.) (dismissing Bahar's appeal of turnover
order for failure to timely perfect appeal). Lyon argues, however, that because the amended turnover
order at issue here merely "clarif[ies] the existing receiver's powers, adjusting for the intransigence
of [Bahar]," we do not have jurisdiction over it. Alternatively, Lyon appears to argue that we have
jurisdiction only over complaints about the new provisions of the amended turnover/receivership
order, i.e., provisions that were not also present in the prior order.

 Although styled as an "amended turnover order," the 2009 order from which the
present appeal is taken is really the "second amended" turnover order in the case. The original
turnover order was rendered in 2007 and was not timely appealed to this Court, as noted above. The
second order (the "first amended") was rendered in May 2008 and was not appealed. (1) The 2008
amended turnover order was, in turn, amended by the 2009 order at issue here. The 2009 order is
virtually identical to the 2008 order. The only changes are the addition of several new provisions
(1) expressly authorizing the receiver to bring contempt proceedings before the court, (2) ordering
Bahar to produce records of her payments to her attorneys "since the first turnover order was
granted," (3) ordering Bahar to turn over all tax refunds to the receiver, (4) requiring Bahar to notify
the receiver of any interests she has in any probate estates, and (5) awarding Baumann attorney's fees
"for obtaining this order."

 A post-judgment turnover order is a "procedural device by which judgment creditors
may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal
process." Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 224 (Tex. 1991). A turnover order 


requires the debtor to bring to the court all documents or property used to satisfy a
judgment. The actual effect of the [turnover statute] is to require the burden of
production of property which is subject to execution to be placed with the debtor
instead of a creditor attempting to satisfy his judgment.



Id. at 226. It is because a turnover order "acts as a mandatory injunction against the judgment
debtor" that it is reviewable on appeal. Schultz, 810 S.W.2d at 740; see also Kennedy v. Hudnall,
249 S.W.3d 520, 524 (Tex. App.--Texarkana 2008, no pet.) (holding that self-styled "turnover
order" that merely required sheriff to "seize and sale [sic] the property" did not act as injunction
against debtor and was not appealable). Of course, a turnover order is not really a "final judgment"
in that it does not finally dispose of all parties and all issues. See Lehmann, 39 S.W.3d at 200. 
Rather, it is the ability of the turnover order to be "read to act as a mandatory injunction as to the
judgment debtor or transferee" that allows courts to deem it so. Kennedy, 249 S.W.3d at 524. One
important consequence of deeming the turnover order a final judgment is to subject it to the
deadlines for perfecting appeal contained in Texas Rule of Appellate Procedure 26.1, see Burns,
909 S.W.2d at 506, and, we think, to the accompanying jurisdictional analysis should a timely appeal
not be filed, see Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 737 (Tex. 2001) (appellate
court does not have jurisdiction unless timely notice of appeal is filed).

 Ordinarily, an amended final order supersedes any prior final order when the "order
amounts to something more than marking through [an earlier date] and substituting another date on
the final order." Old Republic Ins. Co. v. Scott, 846 S.W.2d 832, 833 n.2 (Tex. 1993) (holding date
of final judgment for purpose of appellate filing deadlines was later date, not earlier). When the trial
court signs an amended order, the original order becomes "a nullity." Id. As the original judgment
ceases to have legal effect, only the amended judgment can support an appeal.

 Although the core of the amended-order rule articulated in Old Republic--that an
amended order supersedes the order it amends--also applies to "final, appealable" orders rendered
in aid of enforcing a judgment, the rule's effect on our appellate jurisdiction in that context is not
as clear cut. This is because the rule makes at least two key assumptions not present in appeals from
orders rendered in aid of enforcement. First, it assumes that the trial court has a finite--and
relatively short--amount of time during which to amend its final judgments, i.e., the plenary-power
period. See Tex. R. Civ. P. 329b (detailing time period for expiration of court's plenary power); see
also Malone v. Hampton, 182 S.W.3d 465, 470 (Tex. App.--Dallas 2006, no pet.) ("[A] suit ends
when the trial court's plenary power over the proceeding ends. The very purpose of limiting a trial
court's plenary power over a proceeding is to foreclose the possibility of a suit continuing
indefinitely even though a final judgment has been obtained."). Second, the rule assumes that there
can be only one "final" judgment, except in the rare instance where it is provided for by other law. 
See Tex. R. Civ. P. 301; Lehmann, 39 S.W.3d at 195 (citing Thomas v. Oldham, 895 S.W.2d 352,
356 (Tex. 1995)).

 In contrast, the court's post-judgment power to enforce its judgment and to aid the
judgment creditor in his efforts to collect on that judgment can last until the judgment is satisfied. 
See Tex. R. Civ. P. 308; Matz v. Bennion, 961 S.W.2d 445, 452 (Tex. App.--Houston [1st Dist.]
1997, pet. denied) ("The only limit on a trial court's authority to enforce its [judgment] is 'that
enforcement orders may not be inconsistent with the original judgment and must not constitute a
material change in substantial adjudicated portions of the judgment.'" (quoting Katz v. Bianchi,
848 S.W.2d 372, 374 (Tex. App.--Houston [14th Dist.] 1993, orig. proceeding [leave denied])). 
Thus, the court may render a number of amended turnover orders, all of which could be
final, appealable judgments if they satisfy Schultz's test by acting as mandatory injunctions. See
Arndt v. Farris, 633 S.W.2d 497, 499 (Tex. 1982) ("While the trial court's power to vacate,
modify, correct, or reform a judgment ceases under Rule 329b(d) thirty days after the judgment is
signed, the court's power to enforce its judgment is not so limited. The general rule is that every
court having jurisdiction to render a judgment has the inherent power to enforce its judgments."
(Citation omitted)).

 Thus, we actually have the opposite set of assumptions operating here: the court can
(1) exercise its inherent power to enforce its judgments for a indefinite period of time, and (2) render
multiple judgments, on the same or different issues, over a period of months or even years. This
means that, as is the case here, the trial court could amend an otherwise final, appealable order long
after the deadline for appealing the first order has passed. In that circumstance, exercising
jurisdiction over the portions of the amended order that could have been timely appealed, but were
not, would render the appellate deadlines of rule 26.1 meaningless.

 Keeping in mind the filing deadlines of rule 26.1, we conclude that because the 2008
order was not appealed, an assertion of jurisdiction by this Court over the entire 2009 order--which
includes, verbatim, the 2008 order's substantive provisions--would serve to improperly resurrect
the unappealed, "finally final" portions of the 2008 order. See Tex. R. App. P. 26.1; Wagner
& Brown, Ltd., 58 S.W.3d at 737. Accordingly, we hold that Bahar's failure to appeal the 2008 order
means that this Court lacks jurisdiction to review those portions of the 2009 order that were also
present in the 2008 order. (2)

 (ii) Master-in-Chancery Order

 We lack appellate jurisdiction to review an order appointing a master in chancery,
even when the master is appointed at the same time as a receiver and in the same order mandating
turnover. See Moyer, 183 S.W.3d 48 at 58; see also Sheik v. Sheik, 248 S.W.3d 381, 393-94
(Tex. App.--Houston [1st Dist.] 2007, no pet.). The appointment of a master in chancery
is reviewable only by mandamus. Sheik, 248 S.W.3d at 394 ("The proper vehicle to
challenge the master-in-chancery portion of the complained-of order is by mandamus."). 
Consequently, we must dismiss Bahar's appeal insofar as it challenges the amended turnover order's
master-in-chancery provisions.


 (iii) Discovery Order and Discovery Sanctions

 Post-judgment orders regarding discovery disputes are not final, appealable judgments
over which this Court has jurisdiction. See Fisher v. P.M. Clinton Int'l Investigations,
81 S.W.3d 484, 486 (Tex. App.--Houston [1st Dist.] 2002, no pet.); Collier Servs. Corp. v. Salinas,
812 S.W.2d 372, 375 (Tex. App.--Corpus Christi 1991, no pet.); see also Arndt, 633 S.W.2d at
500 n.5. Such orders are reviewable only by mandamus. Salinas, 812 S.W.3d at 375; Parks
v. Huffington, 616 S.W.2d 641, 645 (Tex. Civ. App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.). 
Consequently, we lack jurisdiction to review the order compelling discovery.

 A post-judgment imposition of monetary sanctions, however, is a final, appealable
judgment "when the sanctions are reduced to a judgment and execution is authorized thereon." 
Arndt, 633 S.W.2d at 500 n.5. Here, the order compelling discovery imposed monetary sanctions
on Bahar. Although the order did not explicitly state that "execution is authorized," it disposed of
the sanctions issue and would support execution. Accordingly, we have jurisdiction to review it.

 In addition to granting Baumann's motion to compel discovery and imposing
sanctions on Bahar, the court's order also stated that "Joseph Willie, III, defense counsel, is ordered
to personally appear for all future hearings, depositions and examinations." Bahar complains that
this order violates numerous rules and statutes. We cannot address this part of Bahar's complaint,
however, because she lacks standing to assert it.

 "[A] lack of standing deprives a court of subject matter jurisdiction because standing
is an element of such jurisdiction." Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
444-45 (Tex. 1993). "Texas courts have long held that an appealing party may not complain of
errors that do not injuriously affect it or that merely affect the rights of others." Torrington Co.
v. Stutzman, 46 S.W.3d 829, 843 (Tex. 2000). "An appellant is not harmed when sanctions
are imposed solely against the appellant's attorney. . . . Accordingly, such an appellant lacks
standing to challenge sanctions on appeal." Niera v. Frost Nat'l Bank, No. 04-09-00224-CV,
2010 WL 816191, at *1 (Tex. App.--San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (citing
Matbon, Inc. v. Gries, 287 S.W.3d 739, 740 (Tex. App.--Eastland 2009, no pet.)).

 As in Niera, the sanction in question here was imposed only on the attorney, not on
the litigant herself. Although the court's order requires Willie to personally appear at future court
proceedings, it does not constrain Bahar's freedom to dismiss Willie or instruct him not to represent
her at those proceedings. Also, the transcript from the sanctions hearing indicates that by ordering
Willie to personally appear at future proceedings, the court was sanctioning him--not Bahar--for
what it viewed as Willie's "obstreperousness." The court's oral ruling makes this plain.


And I will order Mr. Willie--Dr. Willie . . . to appear personally since his motions
for continuance have all said that his personal appearance is necessary to adequately
assure the representation of Dr. Bahar and her P.A. I think he should certainly
be here.



Because Bahar lacks standing to complain about the imposition of sanctions against Willie, we lack
subject-matter jurisdiction over this portion of the discovery order. See id.


Did Bahar "Participate in the Hearing that Resulted in the Judgment Complained of"?

 Lyon argues that Bahar's restricted appeal fails because she participated in the hearing
that resulted in the judgment by filing written responses to the motions at issue. It argues that,
because the court did not need to have a "formal fact-finding hearing" and because Bahar "actually
did file written responses to each motion," Bahar participated in the "key decision-making event." 
See Cox, 298 S.W.3d at 730 ("To determine whether [the appellant] meets the non-participation
requirement of a restricted appeal, we ask whether he took part in the decision-making event that
resulted in the adjudication of his rights.").

 Although Bahar submitted written argument and evidence in response to the motions,
we cannot say that she "participate[d] in the hearing that resulted in the judgment complained of." 
Alexander, 134 S.W.3d at 848. "The nature and extent of participation necessary to preclude
a restricted appeal in any particular case is a matter of degree because trial courts decide
cases in a wide variety of procedural settings." Id. (citing Texaco v. Central Power & Light
Co., 925 S.W.2d 586, 589 (Tex. 1996)). "The pivotal question to be answered when analyzing
the participation requirement of a restricted appeal is whether appellant took part in the
decision-making event that results in the adjudication of his rights." Rivero v. Blue Keel Funding,
L.L.C., 127 S.W.3d 421, 423-24 (Tex. App.--Dallas 2004, no pet.). At the hearing in the present
case, the trial court considered the evidence and orally ruled on the motions. Unlike summary-judgment procedure, Bahar would have had an opportunity to present evidence at the hearing. Cf.
id. (noting that written response to motion for summary judgment is party's opportunity to present
evidence and, for that reason, constitutes participation). We think that, under the circumstances,
the hearing from which Bahar was absent constituted the "actual trial" of the issues
decided by the orders appealed here. See id. Accordingly, we hold that Bahar met the
non-participation requirement.


Is Error Apparent on the Face of the Record?


 (i) Denial of Motion for Continuance

 In Bahar's second issue, she argues that the trial court erred in overruling her motion
for continuance of the hearing on Baumann's motions. Because the 2009 order was, at least in part,
a "final, appealable" order, and because Bahar's motion for continuance related to the hearing that
resulted in that order, we have jurisdiction to review the trial court's denial of Bahar's motion. We
review a trial court's ruling on a motion for continuance for an abuse of discretion. See BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002). "A trial court 'abuses its
discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.'" Id. (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985)). Because this is a restricted appeal, our review is limited to determining whether an
abuse of discretion is apparent on the face of the record. See Alexander, 134 S.W.3d at 848.

 Bahar requested a continuance of the April 29, 2009 hearing, asserting that her
lawyer, Mr. Willie, was scheduled to be at a jury trial in a criminal case in Houston beginning
the same day. She argues that the local administrative rules that govern conflicting court
settings required the court to grant her motion. Citing the regional rules of administration for the
second administrative judicial region of Texas, Bahar contends that the judge lacked discretion to
deny her continuance. The second region, however, does not include Travis County, where this
matter is pending; thus, those rules did not bind the trial court. See Tex. R. Civ. P. 3(a) (allowing
enactment of local and regional rules of procedure). The third region, of which Travis County is a
part, has similar rules for handling attorney scheduling conflicts. Rule 7, entitled "Conflicting
Engagements," states:


B. When an attorney is assigned to two courts for the same date:


 1. It is the duty of the attorney to call the affected judges' attention to all
conflicting settings as soon as they are known or reasonably may
be anticipated.


 2. When a conflicting setting problem is made known, the affected
judges should confer and agree on which case has priority.


 3. The following priorities are established to aid judges in determining
which case has priority:


 a. Criminal case 

 . . . .

 b. Case given preference by statute

 c. Earliest set case

 d. Earliest filed case

 e. Court in multi-judge counties should yield to single
judge counties and courts of multi-county districts


 4. In the event the affected judges cannot agree on which case has
priority, the question shall be resolved by the regional presiding judge
or judges. If two or more regions are affected and the regional
presiding judges cannot agree, the question shall be resolved by the
Chief Justice of the Supreme Court of the State of Texas, or by
another Supreme Court Justice designated by the Chief Justice.



Tex. R. Jud. Admin. [3d Admin. Dist.] 7, available at http://www.courts.state.tx.us/3ajr/pdf/
3ajr-rules.pdf.

 Assuming without deciding that Bahar is correct that the trial court had no choice but
to grant her continuance if she complied with the requirements of the foregoing rule, Bahar's
challenge fails because the record does not demonstrate her compliance. Specifically, the record
does not show that Bahar's attorney notified the Harris County criminal court of the conflicting
settings. See id. R. 7(B)(1). Such notification is mandatory. See id. ("It is the duty of the attorney
to call the affected judges' attention to all conflicting settings . . . ."). Because the record does not
show that Bahar gave both judges the required notice, there is no error apparent on the face of the
record. (3) Alexander, 134 S.W.3d at 848. We overrule Bahar's third issue.

 (ii) The Turnover/Receiver Order

 In her fifth issue, Bahar asserts numerous challenges to the court's turnover order. 
Only her challenge to the court's award of attorney's fees, however, is directed at a provision of the
2009 order not also present in the 2008 order; therefore, that is the only challenge over which we
have jurisdiction. Bahar argues that the trial court abused its discretion in awarding attorney's fees
to Baumann for obtaining the amended turnover order because he provided no evidence as to the
method of calculating the fee, nor its reasonableness or necessity.

 "We review a turnover order, an appointment of a receiver, and an award of fees to
the receiver for an abuse of discretion." Moyer, 183 S.W.3d at 51 (citing Beaumont Bank,
806 S.W.2d at 226). "[R]equests for attorney's fees in general must meet certain requirements." 
Woollett v. Matyastik, 23 S.W.3d 48, 52 (Tex. App.--Austin 2000, pet. denied). Such requests must
be reasonable and be supported by expert testimony and evidence of the attorney's "hourly rate and
the hours expended." Id. at 52-53.


Determining a reasonable attorney's fee is a question of fact and the fee award must
be supported by competent evidence. A court does not have authority to adjudicate
the reasonableness of attorney's fees on judicial knowledge without the benefit of
evidence. . . . When no evidence or insufficient evidence supports an award, the
court abuses its discretion in making the award.



Id. at 53 (citations omitted).

 A review of the appellate record here shows that the fee award is unsupported by any
testimony, either oral or written, that would indicate how the fee was calculated or whether it was
reasonable. This complete lack of supporting evidence constitutes error on the face of the record. 
Accordingly, we sustain this portion of Bahar's fifth issue.


 (iii) Discovery Sanctions

 In her fourth issue, Bahar asserts that the court abused its discretion in awarding
attorney's fees to Lyon and Baumann without supporting evidence. The trial court sanctioned Bahar
for discovery abuse, ordering her to pay Lyon $500 and Baumann $2,500 in attorney's fees for their
time spent preparing the motion to compel and attending the hearing. Like the turnover-order fee
award, awarding attorney's fees here was an abuse of discretion because the record contains no
evidence indicating how the awards were calculated or whether they were reasonable or necessary. 
We sustain Bahar's fourth issue.


Lyon's Motion for Rule 45 Sanctions

 Lyon requests that we impose sanctions against Bahar for filing a frivolous appeal. 
See Tex. R. App. P. 45. We conclude that sanctions are not appropriate. See Easter v. Providence
Lloyds Ins. Co., 17 S.W.3d 788, 792 (Tex. App.--Austin 2000, pet. denied) (sanctions unwarranted
when party had reasonable expectation of reversal). Lyon's motion for sanctions is denied.


CONCLUSION

 We dismiss Bahar's complaints that the trial court abused its discretion in rendering
the 2009 amended turnover order because it (1) "wholly jeopardizes [Bahar's] business . . . and [her]
privacy and constitutional rights"; (2) failed to "take into consideration the superior federal tax lien";
(3) ordered turnover of Bahar's assets from third parties; (4) ordered holders of GPS information
about Bahar's movements to turn over such information to Baumann; (5) allowed Baumann to open
all of Bahar's mail without a duty to timely return it to her; and (6) ordered utility companies and
financial institutions to provide information about Bahar. We lack subject-matter jurisdiction to
entertain those complaints because the complained-of portions of the 2009 amended turnover order
were also contained in the unappealed 2008 turnover order. In addition, we dismiss her challenge
to the trial court's order complaining that the record lacks the "required evidence that Bahar
attempted to hide assets." We also dismiss Bahar's challenges to the order appointing a master in
chancery and the discovery order, except as it imposes monetary sanctions on Bahar.

 We reverse the portions of the 2009 amended turnover order and the discovery order
insofar as they require Bahar to pay Lyon's and Baumann's attorney's fees and render judgment that
Lyon and Baumann take nothing by their requests for attorney's fees. We affirm the remainder of
the 2009 amended turnover order.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed in part; Dismissed in part; Reversed and Rendered in part

Filed: November 5, 2010
1. The May 2008 turnover/receivership order was not included in the record of the present
appellate cause. A copy of that order was, however, included in the record of a related appeal from
the same trial-court cause involving the same parties. See Valerie Thomas Bahar, M.D., P.A. v. Lyon
Fin. Servs., Inc., No. 03-07-00469-CV, 2009 WL 2341864 (Tex. App.--Austin July 28, 2009, no
pet.) (mem. op.). "It is well recognized that a trial court may take judicial notice of its own records
in a cause involving the same subject matter between the same, or practically the same, parties." 
Sierad v. Barnett, 164 S.W.3d 471, 481 (Tex. App.--Dallas 2005, no pet.) (quoting Gardner
v. Martin, 345 S.W.2d 274, 276 (Tex. 1961)). Accordingly, we take judicial notice of the amended
turnover order rendered by the trial court in 2008 and contained in the record of appellate cause
number 03-07-00469-CV.
2. Our holding is necessarily limited to cases in which, as here, the amended order was
rendered after rule 26.1's deadlines for appeal of the original order had passed. We do not address
the circumstance where a post-judgment order is amended before the expiration of those deadlines.
3. In addition, we note that there is evidence in the record that could support a conclusion that
Bahar's lawyer deliberately set the criminal matter in Harris County to conflict with the previously
scheduled hearing in Travis County as a way to delay that hearing. The record suggests that Bahar's
lawyer requested the April 29 criminal setting in Harris County only after representing to Baumann
that he was available for the Travis County hearing on that day. Baumann, who lives in Houston,
actually attended the Harris County criminal proceeding in question, yet also attended the hearing
in Austin later that day. At the hearing in Austin, he represented to the trial court that Bahar's lawyer
had appeared at the Harris County docket call for less than ten minutes in order to reset the relevant
criminal matter for further proceedings. Baumann also noted that he had no trouble driving from
Houston to Austin in time for the afternoon hearing in the Bahar case.