**DISMISS; Opinion Filed December 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00920-CV

**RODRICK SAMPLES, Appellant**
**V.**
**THE DALLAS COUNTY SPECIAL CIVIL SERVICE COMMISSION, THE DALLAS
COUNTY CIVIL SERVICE COMMISSION, AND DALLAS COUNTY, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC12-11245**

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

This is a restricted appeal of the trial court's final order denying appellant's "Motion to Render Based on New Evidence or to Reverse or Remand," which was brought as part of appellant's appeal of the Dallas County Special Civil Service Commission's decision upholding the termination of his employment. In eight issues, appellant challenges various aspects of the trial court's handling of the case. Appellees argue, among other things, that we lack jurisdiction over the restricted appeal. We sustain appellees' jurisdictional challenge and dismiss the appeal.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant Rodrick Samples was employed by the Dallas County Constable's Office as a deputy constable in Precinct Number 4. On June 6, 2011, his employment was terminated. Appellant appealed his termination to the Dallas County Special Civil Service Commission

("Commission"). A grievance hearing was held on December 6 and 7, 2011, at which appellant appeared pro se. On December 21, 2011, the Commission upheld appellant's termination. On January 20, 2012, appellant filed a lawsuit appealing the Commission's ruling upholding his termination. Appellant's original petition included a claim for violations of the Texas Whistleblower Act. The civil service appeal and the Whistleblower Act claim were subsequently severed. After the Whistleblower Act claims were severed, appellant filed an amended petition.

On July 11, 2013, appellant filed a "Motion to Render Based on New Evidence or to Reverse or Remand" ("motion to render") in the trial court. That motion sought, among other relief, a remand of the case to the Commission to consider additional evidence that was not presented at the grievance hearing. On January 16, 2014, appellees filed their response to appellant's motion to render, attaching the civil service hearing transcript and certain records from the grievance hearing.

On January 21, 2014, the trial court held a hearing on appellant's motion to render. At the conclusion of that hearing, the trial court requested both parties to file supplemental briefs with the court. On February 17, 2014, appellant filed, with leave of court, a brief supplementing his motion to render. On February 24, appellees filed a response to appellant's supplemental brief. On March 19, the trial court signed an order setting a hearing on the now supplemented motion to render for April 14, 2014.

Counsel for appellant did not appear at the April 14 hearing. On that same day, the trial court signed an order denying the motion to render, and the order stated that it is final and appealable. On July 7, 2014, appellant filed a "Motion for Finding that he is Authorized to File Notice of Appeal Pursuant to Rule 4 of the Texas Rules of Appellate Procedure and Rule 306a of the Texas Rules of Civil Procedure" ("rule 306a motion"). Additionally, appellant filed a "Notice of Appeal Subject to Hearing by Trial Court" on July 14, 2014. The rule 306a motion,

which was filed approximately 84 days after the trial court's final order, alleged that on the morning of April 14, 2014, as he was preparing to go to court, appellant's counsel injured his back and was unable to move without suffering extreme pain. *See* TEX. R. CIV. P. 306a(5) (prescribing procedure for requesting additional time because of lack of notice of signed judgment); TEX. R. APP. P. 4.2(a)(1) ("But in no event may the [extended time period] begin more than 90 days after the judgment or order was signed."). Counsel alleged that he was subsequently ill and unable to do normal legal work on any consistent basis, and that he did not learn about the trial court's April 14 final order until Friday, June 13, 2014, after returning home from the VA hospital. Appellees, however, pointed out in their August 1, 2014 response that the affidavit that accompanied appellant's rule 306a motion did not swear to all of the allegations in the motion, i.e., the date he received notice of the judgment. *See* TEX. R. CIV. P. 306a(5) (requiring party alleging late notice of judgment to file sworn motion with trial court establishing date the party or its counsel first learned of the judgment).

On August 3, 2014, appellant filed a supplemental rule 306a motion that contained an affidavit swearing the contents of the July 7, 2014 rule 306a motion were true and correct and that, specifically, counsel did not learn that the court had entered a final appealable order until the evening of Friday, July 13, 2014. The supplemental motion did not explain the apparent discrepancy between the June 13, 2014 date originally alleged and the July 13, 2014 date sworn to in the supplemental affidavit. The trial court set the hearing on appellant's rule 306a motion for August 5, 2014.

On August 5, 2014, the trial court signed an order denying the rule 306a motion. The order contained the following findings:

> 1. On April 14, 2014, this Court issued an order denying Plaintiff's Motion to Render Based on New Evidence or to Reverse or Remand (the "Final Order");
>
> 2. Plaintiff did not file a Motion for New Trial or any other plenary power

extending motion within 30 days of the Final Order;

3. On July 7, 2014, Plaintiff filed a Motion for Finding that Plaintiff is Authorized to File Notice of Appeal ("Plaintiff's Motion");

4. Plaintiff stated in his Motion that he did not learn of the signing of the Final Order until June 13, 2014.

5. Plaintiff's Motion was unsworn and unverified and the attached affidavits did not swear to the date that Plaintiff had actual knowledge of the Final Order or that such date was twenty days after the judgment was signed;

6. On August 3, 2014, Plaintiff filed a supplemental affidavit swearing to July 13, 2014, as the date he learned of the Final Order;

7. Plaintiff's supplemental affidavit swears to a date that is after Plaintiff's Motion and was filed 30 days after June 13, 2014;

8. Plaintiff's Motion was not heard within 30 days of June 13, 2014, and, in fact, was filed six days before July 14, 2014;

9. Plaintiff did not file a Motion for New Trial or any other plenary power extending motion within thirty days of June 13, 2014.

The court's order concluded it lacked jurisdiction because appellant had not timely filed a sworn or verified motion as required by rule 306a(5). The order further concluded that, even if appellant had filed a proper rule 306a(5) motion, the court would still lack jurisdiction because appellant had failed to obtain a ruling on the motion within thirty days of June 13, 2014, the date appellant alleged he first learned of the trial court's final order, or to file a motion extending the court's plenary power beyond thirty days of June 13, 2014. *See, e.g., Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 541 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (proper rule 306a(5) motion, even if timely filed, merely restarts post-judgment timetable; trial court's plenary power does not extend beyond thirty-day period of plenary power that controls when no party files appropriate motion extending post-judgment period of plenary power).

On August 6, 2014, appellant filed a motion in this Court asking that we change or amend the appeal that had been filed to a restricted appeal. We granted this motion and ordered that this

appeal would proceed as a restricted appeal.

## DISCUSSION

The Texas Supreme Court summarizes the elements of a restricted appeal as follows:

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *see* TEX. R. APP. P. 30. "These requirements are jurisdictional and will cut off a party's right to seek relief by way of restricted appeal if they are not met." *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

Lack of participation is a jurisdictional requirement for review by restricted appeal. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). A restricted appeal is available for the limited purpose of providing a party that did not participate at trial the opportunity to correct an erroneous judgment. *Clopton*, 66 S.W.3d at 516. It is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed. *Id*. In determining whether the nonparticipation requirement of rule 30 is met, the question is whether the appellant participated in the "decision-making event" that resulted in the order adjudicating the appellant's rights. *Withem v. Underwood*, 922 S.W.2d 956, 957 (Tex. 1996) (citing *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996)); *Aviation Composite Technologies, Inc. v. CLB Corp.*, 131 S.W.3d 181, 185 (Tex. App.—Fort Worth 2004, no pet.); *Clopton*, 66 S.W.3d at 516. Participation in the decision-making event producing the final judgment adjudicating a party's rights will cut off that party's ability to proceed by restricted appeal. *Aviation Composite Technologies*, 131 S.W.3d at 185; *Clopton*, 66 S.W.3d at 516. Courts have recognized the nature and extent of participation that will preclude a

restricted appeal is a matter of degree, because the rule must be applied in a wide variety of procedural settings. *Starks v. Tex. Dep't of Criminal Justice*, 153 S.W.3d 621, 626 (Tex. App.—Amarillo 2004, no pet.).

According to the record in this case, the civil service hearing transcript and certain records from the civil service grievance hearing were filed with the trial court prior to the January 21, 2014 hearing. Appellant filed a brief in support of his motion to render; appellees responded. During the January 21 hearing, when the trial court raised the question of whether there was substantial evidence to support the Commission's decision terminating appellant's employment, appellant's counsel admitted, looking at the "cold record," that "I think you'll find that there was substantial evidence." But he also argued appellant should be able to present the testimony of three witnesses who did not testify at the grievance hearing. Counsel provided a tender of the testimony of the witnesses he wanted to call, after which the trial court questioned each of the witnesses, who were present in court, and confirmed the material facts to which they would testify. Appellees argued appellant had not made the necessary statutory showing to justify presenting such evidence, which entailed establishing that the evidence was material and there was a good reason for failing to present it in the hearing before the civil service commission. *See* TEX. LOC. GOV'T CODE ANN. § 158.0122(b) (West 2008). Appellant's counsel responded that he was trying to make that showing. The trial court concluded it would allow the parties to provide additional authority regarding the tender of live testimony in a civil service appeal, after which it would determine whether the testimony was germane:

> Here is what I want to do. . . . I'm going to allow the parties to give me any additional authority they think I need to look at with regard to the tendered testimony of the officers. And if I decide that that testimony is germane to this hearing, I guess at a future date I'll hear that testimony. If it's not germane, then I feel like I can make a decision based on the record that I have in front of me.

Both parties thereafter filed supplemental briefs with the court. Appellant's supplemental

brief included affidavits from two of the witnesses whose testimony had been tendered at the January 21 hearing, and a CD containing sworn testimony from those individuals at a hearing before the Texas Workforce Commission on appellant's application for unemployment benefits. As far as the April 14, 2014 hearing is concerned, however, it was not evidentiary in nature and the merits of the motion to render were not discussed. After noting opposing counsel's absence, counsel for appellees urged the court to rule based on the briefs and exhibits that had already been filed. The trial court agreed that, although appellant's counsel was not present, it could rule based upon the motions and exhibits. The court's April 14 final order denying the motion to render—the order from which appellant is attempting to appeal—states that it is based on review of the motion, the pleadings on file, and the arguments of counsel.

The Texas Local Government Code does provide that a party in a proceeding under substantial evidence review can apply to the court to present additional evidence. But the statute specifies that the court may order that the additional evidence be taken before the commission only if the court is satisfied the evidence is material and there were good reasons for failing to present it in the proceedings before the commission. *See id.* The trial court's responsibility, in other words, is to determine whether the reasons provided were good and that the additional information is material. That issue had been argued and briefed to the trial court prior to the April 14, 2014 hearing. Consideration of the actual evidence, should the trial court have determined it was material and there were good reasons for not submitting it at the December 2011 hearing, would have been the responsibility of the Civil Service Commission. *See id*.; *City of Laredo v. Buenrostro*, 357 S.W.3d 118, 122 (Tex. App.—San Antonio 2011, no pet.) ("[T]he Commission itself is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law.").

In the context of a summary judgment, this Court has concluded that a restricted appeal is

not available to a party who takes part in all necessary steps of the summary judgment proceedings but fails to attend the summary judgment hearing. *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex. App.—Dallas 2004, no pet.) (citing *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137, 139 (Tex. App.—Dallas 1983, no writ)); *see also Texaco v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) ("[A] party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the 'actual trial' that determined the parties rights."); *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985) (same). In summary judgment practice, no oral hearing is required prior to the trial court's rendering a decision on the motion. *See* TEX. R. CIV. P. 166a(c) (stating no oral testimony shall be received at the hearing). A party "participates" when he files a response with controverting evidence. *See Cent. Power & Light Co.*, 925 S.W.2d at 589; *Stubb*s, 685 S.W.2d at 645; *Norman*, 65 S.W.2d at 139–40. On the other hand, when a party neither files a response nor appears at the hearing on a summary judgment motion, a restricted appeal is permissible. *See Rivero*, 127 S.W.3d at 424 (appellant did not participate in decision-making event where he did not respond to summary judgment motion and did not attend hearing on motion for summary judgment); *Norman*, 65 S.W.2d at 139 ("A party need not actually be present in court at a final plenary trial if he participated in earlier proceedings at which his rights were determined."); *see also Parsons v. Dallas County*, 182 S.W.3d 451, 453 (Tex. App.—Dallas 2006, no pet.) (appellant did not participate in decision-making event where he did not respond to the motion to dismiss and did not participate in hearing on motion); *Aviation Composite Technologies*, 131 S.W.3d at 185 (because decision-making event was dismissal hearing and appellants did not respond to motion to dismiss and did not attend dismissal hearing, appellants did not participate in trial); *McKnight v. Trogdon–McKnight*, 132 S.W.3d 126, 130 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (while appellant may have participated up to the

point of final divorce decree, he did not participate in proceedings resulting in the decree, therefore he satisfied the nonparticipation element of a restricted appeal).

In this case, the record shows appellant participated in the decision-making events that led to the April 14, 2014 final order from which he is attempting to appeal. Specifically, counsel for appellant appeared at the January 21, 2014 hearing, made a tender of the testimony he wanted to present, argued the issue to the court, and subsequently filed a supplemental motion that contained sworn exhibits supporting his contentions. Appellees responded. The record of the April 14, 2014 hearing shows it was not evidentiary in nature; the merits of the motion to render were not discussed. Furthermore, the trial court indicated it would rule based on the motions and exhibits before it, and the court's April 14 final order states that it is based on review of the motion, the pleadings on file, and the arguments of counsel. We conclude appellant participated in the proceedings below to such an extent that he cannot pursue a restricted appeal; thus, we do not have jurisdiction to hear this restricted appeal. *See Starks*, 153 S.W.3d at 626 ("Because the non-participation requirement is mandatory and jurisdictional, when an appellate court determines that an appellant participated in the hearing that resulted in the judgment complained of, the appropriate action is to dismiss the appeal for lack of jurisdiction.").

Accordingly, appellant's July 14, 2014 notice of appeal was untimely filed, and we dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3.

140920F.P05

/Lana Myers/
LANA MYERS
JUSTICE

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODRICK SAMPLES, Appellant

No. 05-14-00920-CV     V.

THE DALLAS COUNTY SPECIAL CIVIL
SERVICE COMMISSION, THE DALLAS
COUNTY CIVIL SERVICE
COMMISSION, AND DALLAS COUNTY,
Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC12-11245.
Opinion delivered by Justice Myers. Justices
Bridges and Francis participating.

     In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

     Judgment entered this 4th day of December, 2015.