## W.C. LEASURE, Individually, Appellant,

v.

## PEAT, MARWICK, MITCHELL & CO., Appellee.

### No. 01–86–0252–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 1986.

Joe M. Kirkham, Wendy E. Siceloff, Kirkham & Siceloff, Houston, for appellant.

Jim L. Flegle, G. Cresswell Templeton, III, Bracewell & Patterson, Houston, (of counsel), for appellee.

Before LEVY, HOYT and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the entry of summary judgment against appellant on the grounds that his counterclaim was barred by limitations, res judicata, and collateral estoppel.

Appellant, W.C. Leasure, is the major shareholder and former president of Mira-Pak, Inc. ("Mira-Pak"), a company specializing in the manufacture of fast food packaging machines. On April 16, 1979, Mira-Pak voluntarily filed a petition in bankruptcy seeking reorganization.

Appellee, Peat, Marwick, Mitchell & Co. ("PMM"), is an accounting partnership that had performed audits for Mira-Pak for the fiscal years 1976 and 1977.

On February 8, 1980, Leasure, individually and on behalf of Mira-Pak's shareholders, filed suit in state court against PMM, alleging gross negligence, "conspiracy to cover up," attempted fraudulent misrepresentation and omission, breach of fiduciary duty, and "business duress." These alleged causes of action all related to PMM's performance of Mira-Pak's audits for the fiscal years 1976 and 1977.

On September 6, 1980, the trial court entered an order dismissing Leasure's indi-

vidual claim and abating the claims asserted on behalf of Mira-Pak's shareholders. Leasure subsequently amended his petition to sue derivatively and on behalf of Mira-Pak. In January 1981, Mira-Pak's trustee in bankruptcy intervened in the suit, asserting causes of action against PMM for "negligence and other torts." Subsequently, the trial court entered an order granting Leasure's motion for nonsuit of his derivative claims.

Leasure then entered into a settlement agreement with the trustee whereby Leasure and two related creditor companies agreed to prosecute the trustee's claims in return for an assignment of a one-half interest in any proceeds realized from the litigation. Leasure then filed his amended petition in intervention to allege causes of action for negligence and breach of contract arising from the audits for the fiscal years 1976 and 1977.

In response, PMM filed a motion for summary judgment alleging that the claims were barred by the statute of limitations. The trial court granted PMM's motion and entered final summary judgment against Leasure, dismissing all causes of action asserted in the amended intervention. Leasure appealed, and the court of appeals affirmed the summary judgment; the Supreme Court of Texas refused Leasure's application for writ of error and overruled his motion for rehearing.

After the judgment became final, PMM instituted a cause of action against Leasure for malicious prosecution arising from Leasure's previous suit ("the 1980 suit"). Leasure then filed a counterclaim, again asserting the causes of action that he had asserted individually in the 1980 suit. PMM filed a motion for summary judgment alleging that Leasure's counterclaim was barred by limitations, res judicata, and collateral estoppel, and seeking severance of the counterclaim. The trial court granted PMM's motion and entered a take-nothing judgment against Leasure, severing Leasure's counterclaim from the main suit, thus making PMM's judgment appealable.

Leasure contends, in his first point of error, that the trial court erred in concluding that his counterclaim was barred by limitations and in granting appellee's motion for summary judgment on that ground. Relying upon Tex.Civ.Prac. & Rem.Code Ann. sec. 16.069 (Vernon 1986), Leasure argues that his counterclaim was not barred because:

(a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

Leasure concedes that his action would be barred by limitations but for sections 16.069(a) and (b); there is no dispute that his action was filed within the time period prescribed in section 16.069(b).

PMM contends that section 16.069 is inapplicable because Leasure's counterclaim did not arise "out of the same transaction or occurrence" as appellee's action for malicious prosecution.

The repealed predecessor statute to section 16.069, Tex.Rev.Civ.Stat.Ann. art. 5539c,[1] was enacted to prevent a plaintiff from waiting until an adversary's claim arising from the same transaction was barred by limitation before asserting his own claim. *North American Land Corp. v. Boutte*, 604 S.W.2d 245, 247 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The very nature of PMM's suit, an action for malicious prosecution, precludes Leasure's counterclaim from arising "out of the same transaction or occurrence."

---

1. Ch. 240, sec. 1, 1969 Tex.Gen.Laws 701, *repealed by* ch. 959, sec. 1, 1985 Tex.Gen.Laws 7043.

A cause of action for malicious prosecution requires as one of its elements that the original suit, alleged to have been maliciously commenced, be already asserted and terminated in favor of the party prosecuting the *later* malicious prosecution action. *Martin v. Trevino*, 578 S.W.2d 763, 766 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Thus, because Leasure's suit must have been previously prosecuted and terminated in order for PMM's malicious prosecution cause of action to arise, there is no danger that Leasure's claim will be barred by limitations in contravention of the statutory policy.

We also find persuasive those authorities holding that, for purposes of Tex.R.Civ.P. 97(a), a claim for wrongful sequestration or attachment does not arise out of the same transaction or occurrence as the previous action in which the wrongful sequestration or attachment occurred. *See Capetillo v. Burress & Rogers*, 203 S.W.2d 953 (Tex. Civ.App.—Galveston 1947, writ ref'd n.r.e.) (op. on reh'g); *Security State Bank & Trust v. Craighead*, 440 S.W.2d 701 (Tex. Civ.App.—San Antonio 1969, writ ref'd n.r. e.). The rationale underlying these holdings is applicable to the issues before this Court:

> A wrongful sequestration is in the nature of an abuse of process of court procured by a party to a suit. It does not arise out of a transaction or occurrence which is being litigated, but arises out of the wrongful act of a party to the litigation in seeking to enforce rights arising out of the transaction or occurrence which is the subject matter of his suit.

*Capetillo*, 203 S.W.2d at 957.

Likewise, a malicious prosecution is an abuse of process of court committed by a party to a suit, and does not arise from the underlying transaction or occurrence, but from a party's wrongful conduct. Leasure's action arises from his alleged personal guarantee of Mira-Pak's debt and PMM's alleged conduct in the performance of audits for Mira-Pak. PMM's action arises from Leasure's alleged wrongful conduct. The actions do not arise from the same transaction or occurrence. Therefore, section 16.069 is not applicable, and appellant's counterclaim is barred by limitations.

Appellant's first point of error is overruled.

Appellant states in his second and third points of error that the trial court erred in granting summary judgment because appellant's counterclaim was barred by neither res judicata nor collateral estoppel. However, our holding on Leasure's first point of error, i.e., that he is barred by limitations from pursuing his counterclaims, is dispositive of the case, and we do not reach these points.

The judgment is affirmed.