AVIATION COMPOSITE TECHNOLO-
GIES, INC. a/k/a AVCOM Technolo-
gies, Inc. a/k/a AVCOM Logistics, Inc.,
and Stephen B. Squires, Appellants,

v.

CLB CORPORATION, Appellee.

No. 2–02–269–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 15, 2004.

Rehearing Overruled March 4, 2004.

Ross & Hartley, P.C., Deborah K. Hartley, Arlington, for Appellants.

Barlow & Garsek, P.C., and James B. Barlow, and Chris D. Collins, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### Introduction

This is a restricted appeal from the trial court's order dismissing claims for want of prosecution. *See* TEX.R.APP. P. 30. In three issues, appellants Aviation Composite Technologies, Inc. a/k/a Avcom Technologies, Inc. a/k/a AvCom Logistics, Inc. (Avcom), and Stephen B. Squires contend that error is apparent on the face of the record because (1) the trial court abused its discretion in dismissing Avcom's counterclaim for negligence and claim for offset for want of prosecution and subsequently severing the dismissed claims and (2) the trial court erred in severing the dismissed claims without notice at a hearing that was not recorded by the court reporter. We affirm.

## Background Facts

Appellee CLB Corporation (CLB) sued Avcom and Squires in connection with CLB's purchase of an airplane from Avcom. CLB obtained a prejudgment writ of attachment on some of Avcom's personal property; the property was later destroyed in a fire at the facility in which it was being stored. Avcom then asserted a counterclaim against CLB[1] for negligence in connection with the destruction of the seized property and a claim for offset against any recovery of CLB in its claims against Avcom. Due to a "dire financial situation," Avcom subsequently executed an assignment for the benefit of creditors, transferring all of its assets to another company. Avcom's counsel then filed a Stipulation for Withdrawal of Counsel and Motion for Withdrawal of Counsel, in which Avcom, Squires, and their counsel represented to the court that "[d]ue to the [a]ssignment and Avcom's otherwise dire financial circumstances, Avcom and Squires are no longer able or willing to fund attorney's fees and costs for this case.... At present, Avcom and Squires do not intend to retain other counsel to represent them in this action." The trial court granted the motion on December 21, 2001.

On January 25, 2002, CLB filed a motion to dismiss Avcom's counterclaim and claim for offset for want of prosecution. No one appeared for Avcom at the hearing, and no record was made of the proceedings.[2] On the day of the hearing, the trial court signed an order dismissing the claims and, on its own motion, an order severing the dismissed claims from the remainder of the suit.

Avcom and Squires retained new counsel on March 8, 2002, who filed a Motion to Extend Time Limits Under Rule 306A and a Motion to Reinstate Claims on March 14, 2002. The trial court held a hearing on both motions and denied them on March 27, 2002. Avcom perfected this appeal on July 29, 2002.

## Entitlement to Restricted Appeal

■■■ To be entitled to a restricted appeal, an appellant must first show that it: (1) filed its notice of restricted appeal within six months after the trial court signed the judgment or order; (2) is a party to the suit; (3) did not participate in the hearing that resulted in the judgment complained of; and (4) did not timely file any postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a). TEX.R.APP. P. 26.1(a), (c), 30; *Clopton v. Pak,* 66 S.W.3d 513, 515 (Tex. App.-Fort Worth 2001, pet. denied). These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *Clopton,* 66 S.W.3d at 515. Once an appellant establishes it has met these requirements, it must then establish error apparent from the face of the record before it will be entitled to relief from the adverse judgment. *Id.* CLB contends Avcom and Squires have not met the second and third requirements of rule 30 and thus are precluded from seeking a restricted appeal.

■■■ A restricted appeal is available for the limited purpose of providing a party that did not participate at trial the opportunity to correct an erroneous judg-

---

1. Avcom also sued Tarrant County as a third party defendant. This court reversed the trial court's dismissal of Avcom's claims against Tarrant County in a separate cause number, 02–02–00243–CV. *Aviation Composite Tech., Inc. v. Tarrant County,* No. 02–02–00243–CV (Tex.App.-Fort Worth Dec. 12, 2002, no pet.) (not designated for publication).

2. Avcom does not contend in this appeal that it did not receive adequate notice of the dismissal hearing on January 31, 2002.

ment. *Id.* at 516. It is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed. *Id.* In determining whether the nonparticipation requirement of rule 30 is met, the question is whether the appellant participated in the "decision-making event" that resulted in the order adjudicating the appellant's rights. *Withem v. Underwood,* 922 S.W.2d 956, 957 (Tex.1996) (citing *Texaco, Inc. v. Cent. Power & Light Co.,* 925 S.W.2d 586, 589 (Tex.1996)); *Clopton,* 66 S.W.3d at 516. Participation in the decision-making event producing the final judgment adjudicating a party's rights will cut off that party's ability to proceed by restricted appeal. *Clopton,* 66 S.W.3d at 516; *Lewis v. Beaver,* 588 S.W.2d 685, 687 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.).

CLB claims that Avcom and Squires participated in the decision-making event leading to dismissal of Avcom's claim by: (1) telling the court in the motion to stipulate to withdrawal of counsel that Avcom was not willing or able to fund attorney's fees, that it did not intend to retain counsel, and that it understood its claims could be dismissed as a lack of its legal representation; (2) failing to obtain legal representation after being served with notice of the dismissal motion and hearing; (3) failing to attend the dismissal hearing after being served with notice; and (4) failing to timely file a motion to reinstate the dismissed claims despite being timely served with notice of the dismissal order.

■ We disagree. The decision-making event in this case is the dismissal hearing in which the trial court dismissed and severed Avcom's claims. While the trial court's decision to dismiss the case may have been based on Avcom's statements in the motion to stipulate, neither Avcom nor Squires participated in the dismissal hear-

ing, nor did they respond to the dismissal motion in any way. In fact, the reasons CLB lists for showing that Avcom and Squires participated in the dismissal clearly show that they did not. Furthermore, the motion for withdrawal acknowledges only that dismissal *could* occur; it does not affirmatively agree to dismissal. *See Clopton,* 66 S.W.3d at 516 (holding that appellants participated in decision-making events leading to dismissal because their attorney signed joint motion to sever and dismiss with prejudice and subsequent trial court orders granting the agreed motion and dismissing appellants' claims against appellees).

■ An appellant in a restricted appeal is not required to show diligence or lack of negligence before its complaints will be heard. *Texaco,* 925 S.W.2d at 590. "[I]t is the fact of nonparticipation, not the reason for it, that determines the right to appeal by" restricted appeal. *Id.* Therefore, in determining whether Avcom and Squires participated in the "decision-making event" leading to the dismissal and severance orders, it makes no difference whether they knew of the hearing and intentionally did not attend or engage new counsel to attend. We hold that Avcom and Squires did not participate in the decision-making event leading to the dismissal and severance of Avcom's claims.

CLB further contends that Avcom and Squires cannot maintain this restricted appeal because they timely filed a postjudgment motion, the Motion to Extend Time Limits Under Rule 306A. The motion contended that the time to file a motion to reinstate should be extended because Avcom and Squires did not receive notice of the dismissal under rule 306a(4). TEX.R. CIV. P. 306a(4). Rule 306a(4) provides that if a party does not receive notice of a judgment or appealable order, the time to challenge the judgment or order in the

trial court begins to run when the party actually receives notice or actual knowledge of the signing of the judgment or order, provided that the time may not begin more than ninety days after the judgment or order is signed. *Id.* CLB contends that even though the trial court denied the motion to extend and found that the motion to reinstate was untimely, the motion to extend was a timely filed postjudgment motion because it was filed within ninety days after the judgment was signed.

■ The policy behind the nonparticipation requirement of former rule 45, now rule 30, was to deny writ of error appeal, now called restricted appeal, to a party who should reasonably resort to the quicker method of direct appeal. *Texaco*, 925 S.W.2d at 590. Logic dictates that the requirement that no timely postjudgment motions have been filed furthers the same policy. A party who timely files a motion for new trial or a motion to reinstate is entitled to a longer period of time to perfect an ordinary appeal. *See* Tex.R.App. P. 26.1(a). But a motion to extend time to file a motion to reinstate does not extend the time to file a notice of appeal under rule 26.1(a). *Id.* Thus, regardless of whether the motion to extend was timely filed, the trial court's denial of that motion precluded Avcom and Squires from perfecting an ordinary appeal.[3] We conclude that Avcom and Squires did not timely file a postjudgment motion for purposes of rule 30. Tex.R.App. P. 30. Having determined that Avcom and Squires meet the requirements of rule 30 for maintaining a restricted appeal, we will address their issues on appeal.

## Propriety of Dismissal

In their second issue, Avcom and Squires contend that the trial court abused its discretion in dismissing Avcom's claims against CLB. They claim that the trial court was not authorized to dismiss the case solely because Avcom was no longer represented by counsel.

CLB's motion asked the trial court to dismiss Avcom's claims pursuant to the court's inherent authority to dismiss claims that have been abandoned or that have not been prosecuted diligently. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). In its motion, CLB contended that: (1) Avcom's claims were brought on behalf of the corporation and not Squires; (2) a corporation may appear and be represented only by a licensed attorney, *Kunstoplast of Am., Inc. v. Formosa Plastics Corp.*, 937 S.W.2d 455, 456 (Tex.1996); (3) Avcom stated in the motion to stipulate to withdrawal of counsel that it had no present plans to hire counsel and was not at the time willing and able to fund attorney's fees, thereby indicating *that it had no intention to further prosecute its claims*; and, therefore, (4) Avcom failed to prosecute its claim with due diligence.

■ Avcom filed its counterclaim and claim for offset on December 6, 2000. The record shows that Avcom served one request for production on February 13, 2001. Out of thirty questions, three appear to relate to its counterclaim and claim for offset. On July 24, 2001, Avcom filed notices to depose CLB's principal fact witnesses, but Avcom never deposed these witnesses.

■ Trial was set for the week of April 1, 2002, two months after the dismissal

---

**3.** If the trial court had granted the motion to extend, Avcom and Squires's motion to reinstate would have been timely; therefore, it would have extended the time to file a notice of appeal. *See* Tex.R.App. P. 26.1.

hearing. Based on the minimal amount of discovery in the record concerning Avcom's claims, Avcom's representations to the trial court in the stipulation of withdrawal of counsel, and the fact that trial was only two months away when the trial court signed the dismissal order, we cannot conclude that the trial court abused its discretion in dismissing Avcom's claims.[4] Avcom and Squires's second issue is overruled.

## Propriety of Severance

In their first and third issues, Avcom and Squires contend that the trial court improperly severed the dismissed claims without prior notice to the parties and without making a record of the proceedings and that the severance was an abuse of discretion because its claims were compulsory counterclaims.

*Lack of Notice and Record*

 The order of dismissal and order of severance are both dated January 31, 2002. CLB did not file a motion for severance; the trial court severed the dismissed claims on its own motion. The trial court is authorized to sever claims on its own motion, so long as the severance is proper under the rules of civil procedure, and a motion to sever is unnecessary. *Rice v. Travelers Exp. Co.,* 407 S.W.2d 534, 536 (Tex.Civ.App.-Houston 1966, no writ).[5] We find no authority indicating that the trial court must provide the parties with prior notice of its intent to sever. In addition, the record indicates that the trial court clerk mailed a copy of the severance order to Avcom and Squires along with a copy of the dismissal order.[6]

Avcom and Squires further rely on rule 13.1 of the rules of appellate procedure and the supreme court's opinion in *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978), for the proposition that the trial court's severance of Avcom's claims without a record of the hearing resulting in the severance is error apparent on the face of the record. Rule 13.1 provides that "[t]he official court reporter must: (a) *unless excused by agreement of the parties,* attend court sessions and make a full record of the proceedings." TEX.R.APP. P. 13.1 (emphasis added). Prior to the effective date of rule 13.1, the supreme court in *Rogers,* a default judgment case, quoted with approval a prior supreme court holding that when

4. Avcom contends that the trial court could dismiss its claims only on the grounds asserted in the motion to dismiss, *see Villarreal,* 994 S.W.2d at 630–32, and that dismissal for the sole reason that Avcom was not represented by counsel for a short time was improper. However, the holding of *Villarreal* is not as broad as Avcom urges. *Villarreal* holds that a dismissal order may not be affirmed on the basis of the trial court's inherent power to dismiss when the notice of dismissal indicated only that the party's claims were subject to dismissal under rule 165a. *Id.* at 631–33; *see* TEX.R. CIV. P. 165a. CLB's motion adequately apprised Avcom and Squires that CLB was seeking dismissal pursuant to the trial court's inherent power to dismiss a claim for failure to prosecute with due diligence.

5. In addition, a trial court may sever dismissed claims from remaining claims in order to render an otherwise interlocutory judgment final and appealable. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.,* 3 S.W.3d 616, 618 (Tex.App.-Fort Worth 1999), *rev'd on other grounds,* 63 S.W.3d 795 (Tex.2001); *cf. Brown v. Todd,* 53 S.W.3d 297, 300 (Tex.2001) (noting that "[a]fter the trial court dismissed Hotze's claim for lack of standing, he could have sought a severance so that the dismissal against him would have been an appealable final judgment. In that event, both the court of appeals and this Court would unquestionably have had jurisdiction over his claim.").

6. In the order denying the motion to extend time to file a motion to reinstate, the trial court found that Avcom and Squires failed to establish that they did not receive notice or acquire actual knowledge of the dismissal of Avcom's claims.

" 'an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.' " 561 S.W.2d at 173–74 (quoting *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972)).

The cases cited by Avcom and Squires in support of their contention that the principle in *Rogers* controls are all cases where a record was required to review the sufficiency of an evidentiary decision by the trial court. *See, e.g., Carstar Collision, Inc. v. Mercury Fin. Co.,* 23 S.W.3d 368, 370 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) ("If the judgment is rendered after presentation of evidence to the court in the absence of the appellant and his attorney, the failure to have the court reporter present to make a record constitutes reversible error. Such an error is not harmless because, without a reporter's record, [the court] is unable to determine if sufficient evidence was submitted to support the judgment." (citations omitted)); *Elkins v. Jones,* 613 S.W.2d 533, 534 (Tex.Civ.App.-Austin 1981, no writ) (noting that "[b]y its terms, the *Robinson* rule is applicable . . . to evidentiary hearings"). A trial court is not required to hold an evidentiary hearing before severing a cause of action. *See Tracy v. Annie's Attic, Inc.,* 840 S.W.2d 527, 539 (Tex. App.-Tyler 1992, writ denied). Thus, *Rogers* does not require reversal of the trial court's judgment in this case.

Furthermore, even if the court reporter's failure to record the hearing is error under rule 13.1, Avcom and Squires have failed to show resulting harm. *See* Tex.R.App. P. 44.1(a). Because the trial court was not required to hold a hearing on its motion to sever, it could have properly based its decision on the parties' pleadings. We hold that the absence of a reporter's record from the January 31, 2002 hearing, even if error, did not "probably cause[ ] the rendition of an improper judgment; or probably prevent[ ] [Avcom] from properly presenting the case to" this court. Tex.R.App. P. 44.1(a). We overrule Avcom and Squires's first issue.

*Whether Severance Was Abuse of Discretion*

Avcom and Squires contend that the trial court improperly severed the dismissed claims because Avcom's counterclaim is a compulsory counterclaim, the severed claims are so interwoven with the remaining action as to involve the same facts and issues, and the claim for offset was in the nature of an affirmative defense. They claim that the severance precluded Avcom from presenting its claims at trial.

A severance splits a single suit into two or more independent actions, each action resulting in an appealable final judgment. *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 383 (Tex.1985). Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex.1996) (orig.proceeding). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990) (op. on reh'g). The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *Id.*

A counterclaim is compulsory if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Tex.R. Civ. P. 97(a). CLB's claims against Avcom and Squires arose out of CLB's purchase of a plane from Avcom. Avcom's counterclaim against CLB did not arise until after CLB filed suit against Avcom and Squires and relates to CLB's prejudgment attachment of Avcom's property that is not the subject of CLB's claims. Thus, Avcom's counterclaim against CLB does not arise out of the same transaction as CLB's claims and is not a compulsory counterclaim. *Cf. Leasure v. Peat, Marwick, Mitchell & Co.*, 722 S.W.2d 37, 39 (Tex.App.-Houston [1st Dist.] 1986, no writ) (holding that "a claim for wrongful sequestration or attachment does not arise out of the same transaction or occurrence as the previous action in which the wrongful sequestration or attachment occurred"). For the same reasons, the counterclaim and claim for offset are not "so interwoven with the remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658. In fact, the substance of CLB's suit against Avcom and Squires is not relevant to the counterclaim or claim of offset, which alleges only that CLB was negligent in not purchasing insurance for the stored property and in signing a waiver of the storage facility's liability for any damage to the property.

Furthermore, Avcom's claim for offset is not in the nature of an affirmative defense. An affirmative defense establishes an independent reason why the plaintiff should not recover on its asserted cause of action. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex.1996); *Bright & Co. v. Holbein Family Mineral*

*Trust*, 995 S.W.2d 742, 747 (Tex.App.-San Antonio 1999, pet. denied). However, if Avcom proved and was awarded damages on its claim, it would not negate CLB's right to recover on its cause of action. *See Bright & Co.*, 995 S.W.2d at 747 (holding that gas lessee's claim for overpayment of royalties from 1980 to 1987 would not negate lessor's claim for nonpayment of royalties between 1987 and 1995). Thus, Avcom's claim for offset was in the nature of a counterclaim rather than an affirmative defense. *See id.* We hold that the trial court did not abuse its discretion in severing Avcom's claims. We overrule Avcom and Squires's third issue.

Having overruled all of Avcom and Squires's issues, we affirm the trial court's judgment.