# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00311-CV

### Geneva O. Johnson, Appellant

### v.

### Hays Consolidated Independent School District and County of Hays, Appellees

#### FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
#### NO. 09-1366, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Geneva Johnson brings a restricted appeal of a judgment for foreclosure of tax liens on real property. In five issues, Johnson contends principally that the district court erred in permitting her to be served by posting and appointing an attorney ad litem to represent her at trial. We will affirm the judgment.

This appeal arises from an August 2009 suit filed by appellee Hays Consolidated Independent School District (HCISD) seeking to recover delinquent ad valorem property taxes allegedly due from 1986 through 2008 on a 1.3-acre parcel of land located in Hays County. *See* Tex. Tax Code Ann. § 33.41 (West 2008). Named as defendants were over fifty individuals who allegedly owned an interest in the property, or their estates. Among the defendants was appellant Johnson.

Although the record reflects that six of the defendants were personally served with process, the remaining defendants—which included Johnson—were not. As for those defendants,

HCISD's attorney filed an affidavit that tracked the requirements under rule of civil procedure 117a for obtaining court approval for citation by posting. *See* Tex. R. Civ. P. 117a. Counsel averred, in relevant part, that "[e]ach defendant . . . is either a nonresident of the State of Texas, absent from the state, a transient person, or a person whose name or residence is unknown and cannot be ascertained after diligent inquiry." *Id.* R. 117a(3). Counsel further averred that the prerequisites for service of these defendants by posting rather than by publication were met. *Id.* R. 117a(5). The district court ordered service of these defendants by publication, and the record contains an officer's return reflecting that they were served in this manner. The court also appointed an attorney ad litem to represent these defendants. *See* Tex. R. Civ. P. 244. Thereafter, Hays County (County) intervened in the suit and asserted its own claims for delinquent ad valorem taxes on the property.

The attorney ad litem, on behalf of Johnson and the other defendants who had been served by posting, filed a general denial. The case was subsequently tried to the district court in January 2010. In compliance with rule of civil procedure 244, the district court signed a statement of evidence—to which the attorney ad litem agreed—reflecting that HCISD had introduced into evidence its attorney's affidavit for citation for posting, the citation, and the officer's return; that "the Court [had] then proceeded to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant(s) cited by posting"; that HCISD had presented a witness who testified "that an inquiry was made of the person(s) in possession of the land and those persons in the community who might reasonably be expected to know the whereabouts of such defendant(s)"; and that the court was "of the opinion that diligent inquiry had been made." The statement further reflected that HCISD and the County had introduced certified tax records "showing that the taxes were properly assessed and unpaid," and that the district court had rendered judgment

in favor of those taxing entities. Subsequently, the district court signed a judgment declaring that approximately $81,237.79 in ad valorem taxes on the property was owed to HCISD and approximately $24,000 was owed to the County for the years 1986 through 2008, awarding foreclosure of the taxing entities' liens on the property, and ordering the property to be sold as under execution. This appeal ensued.

To prevail on her restricted appeal, Johnson must show that: (1) she brought the appeal within six months after the trial court signed the judgment; (2) she was a party to the suit; (3) she did not "participate" in the hearing that resulted in the complained-of judgment, nor timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is "apparent from the face of the record." *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). There is no dispute that Johnson satisfies the first two elements, but the parties join issue as to the third and fourth.

Appellees urge that Johnson cannot satisfy the third element—thus negating our jurisdiction over the appeal[1]—because she "participated" at trial through her attorney ad litem. In response, Johnson insists that the attorney ad litem's actions cannot be imputed to her because the district court erred in ordering service by posting and appointing the attorney in the first place. This is so, Johnson urges, because (1) HCISD's petition recites an address for her—a post office box in Buda—and (2) the clerk's record reflects that the Hays County District Clerk had attempted to personally serve Johnson at her post-office-box address by first-class mail, with signature

---

[1] *See Maan v. First ATM, Inc.*, No. 03-06-00698-CV, 2008 Tex. App. LEXIS 9279, at * 8-9 (Tex. App.—Austin Dec. 12, 2008, no pet.) (citing *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 184 (Tex. App.—Fort Worth 2004, no pet.)) (observing that "[t]he first three requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met").

confirmation—without question an improper method for personal service of citation under the Texas Rules of Civil Procedure[2]—and that the parcel had been returned to the clerk "not deliverable as addressed unable to forward." Based on these facts, which appellees do not dispute, Johnson argues in her first two issues that she was never personally served with process and that service by posting was improper because the facts "controvert" those asserted in the affidavit of HCISD's counsel. For the same reasons, Johnson urges in her third issue that the district court erred in appointing an attorney ad litem to represent her. And it follows, Johnson adds in her remaining issues, that the attorney ad litem had no authority to agree to the rule 244 statement of evidence on her behalf and that because the ad litem did not request a reporter's record of the trial, she is entitled to a new trial.

Assuming without deciding that we possess jurisdiction over Johnson's appeal despite the attorney ad litem's involvement at trial, we would conclude that Johnson has failed to demonstrate error on the face of the record with respect to her core contentions that she was not properly served by posting and that no attorney ad litem should have been appointed to represent her. Affirmative evidence in the record—in the form of the affidavit complying with rule 117a and the statement of evidence—demonstrates that HCISD strictly complied with the requirements for serving her citation by posting in a suit to recover delinquent ad valorem taxes. *See* Tex. R. Civ. P. 117a(3), (5); *McKanna v. Edgar*, 388 S.W.2d 927, 929-30 (Tex. 1965). Rule 117a did not, contrary to what Johnson seems to assume, require HCISD to attempt valid personal service as a prerequisite to serving her by publication or posting, as with substituted personal service. *Compare* Tex. R. Civ.

---

[2] *Cf.* Tex. R. Civ. P. 106(a)(2) (permitting service of citation by registered or certified mail, return receipt requested). "Signature confirmation," by contrast, provides only confirmation of delivery to a recipient at the address, and it does not provide a receipt showing when it was mailed.

P. 117a *with id.* R. 106(b). Nor does the fact that HCISD had a *post office address* for Johnson controvert, much less negate, the averment of HCISD's counsel that Johnson's *residence* was unknown and could not be ascertained through diligent inquiry. *See* Tex. R. Civ. P. 117a(3). Likewise, the bare fact that the district clerk had attempted to personally serve Johnson at that address through an improper method does not, standing alone, negate HCISD's diligence as to whether Johnson could be located through other means.

Although Johnson urges us to infer from these facts that HCISD made no further attempts to locate Johnson or was otherwise less than diligent in that regard, doing so would exceed the scope of our review in a restricted appeal. In a restricted appeal, we are confined to the "face of the record," and this means that we cannot infer additional facts not present there. *See Alexander*, 134 S.W.3d at 849 (explaining that silence in the record does not establish error on the face of the record and finding no reversible error where record failed to show whether notice of dismissal for want of prosecution had been sent). Johnson could supply these additional facts, if they exist, only by developing an evidentiary record through a proceeding, such as a bill of review, that would afford her that opportunity. *See id.* at 848-49. As presented in the context of her present restricted appeal, however, we must overrule her issues and affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: July 13, 2011

5