TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00311-CV






Geneva O. Johnson, Appellant


v.


Hays Consolidated Independent School District and County of Hays, Appellees






FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT

NO. 09-1366, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 

 M E M O R A N D U M O P I N I O N


 Geneva Johnson brings a restricted appeal of a judgment for foreclosure of tax liens
on real property. In five issues, Johnson contends principally that the district court erred in
permitting her to be served by posting and appointing an attorney ad litem to represent her at trial.
We will affirm the judgment.

 This appeal arises from an August 2009 suit filed by appellee Hays Consolidated
Independent School District (HCISD) seeking to recover delinquent ad valorem property taxes
allegedly due from 1986 through 2008 on a 1.3-acre parcel of land located in Hays County. See
Tex. Tax Code Ann. § 33.41 (West 2008). Named as defendants were over fifty individuals
who allegedly owned an interest in the property, or their estates. Among the defendants was
appellant Johnson. 

 Although the record reflects that six of the defendants were personally served with
process, the remaining defendants--which included Johnson--were not. As for those defendants,
HCISD's attorney filed an affidavit that tracked the requirements under rule of civil procedure 117a
for obtaining court approval for citation by posting. See Tex. R. Civ. P. 117a. Counsel averred, in
relevant part, that "[e]ach defendant . . . is either a nonresident of the State of Texas, absent from the
state, a transient person, or a person whose name or residence is unknown and cannot be ascertained
after diligent inquiry." Id. R. 117a(3). Counsel further averred that the prerequisites for service of
these defendants by posting rather than by publication were met. Id. R. 117a(5). The district court
ordered service of these defendants by publication, and the record contains an officer's return
reflecting that they were served in this manner. The court also appointed an attorney ad litem to
represent these defendants. See Tex. R. Civ. P. 244. Thereafter, Hays County (County) intervened
in the suit and asserted its own claims for delinquent ad valorem taxes on the property. 

 The attorney ad litem, on behalf of Johnson and the other defendants who had
been served by posting, filed a general denial. The case was subsequently tried to the district court
in January 2010. In compliance with rule of civil procedure 244, the district court signed a statement
of evidence--to which the attorney ad litem agreed--reflecting that HCISD had introduced into
evidence its attorney's affidavit for citation for posting, the citation, and the officer's return; that "the
Court [had] then proceeded to inquire into the sufficiency of the diligence exercised in attempting
to ascertain the residence or whereabouts of the defendant(s) cited by posting"; that HCISD had
presented a witness who testified "that an inquiry was made of the person(s) in possession of the land
and those persons in the community who might reasonably be expected to know the whereabouts of
such defendant(s)"; and that the court was "of the opinion that diligent inquiry had been made." The
statement further reflected that HCISD and the County had introduced certified tax records "showing
that the taxes were properly assessed and unpaid," and that the district court had rendered judgment
in favor of those taxing entities. Subsequently, the district court signed a judgment declaring that
approximately $81,237.79 in ad valorem taxes on the property was owed to HCISD and
approximately $24,000 was owed to the County for the years 1986 through 2008, awarding
foreclosure of the taxing entities' liens on the property, and ordering the property to be sold as under
execution. This appeal ensued.

 To prevail on her restricted appeal, Johnson must show that: (1) she brought the
appeal within six months after the trial court signed the judgment; (2) she was a party to the suit;
(3) she did not "participate" in the hearing that resulted in the complained-of judgment, nor timely
file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error
is "apparent from the face of the record." See Tex. R. App. P. 26.1(c), 30; Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 848 (Tex. 2004). There is no dispute that Johnson satisfies the first two
elements, but the parties join issue as to the third and fourth.

 Appellees urge that Johnson cannot satisfy the third element--thus negating our
jurisdiction over the appeal (1)--because she "participated" at trial through her attorney ad litem. In
response, Johnson insists that the attorney ad litem's actions cannot be imputed to her because the
district court erred in ordering service by posting and appointing the attorney in the first place. This
is so, Johnson urges, because (1) HCISD's petition recites an address for her--a post office box
in Buda--and (2) the clerk's record reflects that the Hays County District Clerk had attempted
to personally serve Johnson at her post-office-box address by first-class mail, with signature
confirmation--without question an improper method for personal service of citation under the
Texas Rules of Civil Procedure (2)--and that the parcel had been returned to the clerk "not deliverable
as addressed unable to forward." Based on these facts, which appellees do not dispute, Johnson
argues in her first two issues that she was never personally served with process and that service
by posting was improper because the facts "controvert" those asserted in the affidavit of HCISD's
counsel. For the same reasons, Johnson urges in her third issue that the district court erred in
appointing an attorney ad litem to represent her. And it follows, Johnson adds in her remaining
issues, that the attorney ad litem had no authority to agree to the rule 244 statement of evidence
on her behalf and that because the ad litem did not request a reporter's record of the trial, she is
entitled to a new trial.

 Assuming without deciding that we possess jurisdiction over Johnson's appeal
despite the attorney ad litem's involvement at trial, we would conclude that Johnson has failed to
demonstrate error on the face of the record with respect to her core contentions that she was not
properly served by posting and that no attorney ad litem should have been appointed to represent her.
Affirmative evidence in the record--in the form of the affidavit complying with rule 117a and the
statement of evidence--demonstrates that HCISD strictly complied with the requirements for serving
her citation by posting in a suit to recover delinquent ad valorem taxes. See Tex. R. Civ. P. 117a(3),
(5); McKanna v. Edgar, 388 S.W.2d 927, 929-30 (Tex. 1965). Rule 117a did not, contrary to what
Johnson seems to assume, require HCISD to attempt valid personal service as a prerequisite to
serving her by publication or posting, as with substituted personal service. Compare Tex. R. Civ.
P. 117a with id. R. 106(b). Nor does the fact that HCISD had a post office address for Johnson
controvert, much less negate, the averment of HCISD's counsel that Johnson's residence
was unknown and could not be ascertained through diligent inquiry. See Tex. R. Civ. P. 117a(3).
Likewise, the bare fact that the district clerk had attempted to personally serve Johnson at that
address through an improper method does not, standing alone, negate HCISD's diligence as to
whether Johnson could be located through other means.

 Although Johnson urges us to infer from these facts that HCISD made no further
attempts to locate Johnson or was otherwise less than diligent in that regard, doing so would exceed
the scope of our review in a restricted appeal. In a restricted appeal, we are confined to the "face of
the record," and this means that we cannot infer additional facts not present there. See Alexander,
134 S.W.3d at 849 (explaining that silence in the record does not establish error on the face of the
record and finding no reversible error where record failed to show whether notice of dismissal for
want of prosecution had been sent). Johnson could supply these additional facts, if they exist, only
by developing an evidentiary record through a proceeding, such as a bill of review, that would afford
her that opportunity. See id. at 848-49. As presented in the context of her present restricted appeal,
however, we must overrule her issues and affirm the district court's judgment.


 __________________________________________

 Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: July 13, 2011
1. See Maan v. First ATM, Inc., No. 03-06-00698-CV, 2008 Tex. App. LEXIS 9279, at * 8-9
(Tex. App.--Austin Dec. 12, 2008, no pet.) (citing Aviation Composite Techs., Inc. v. CLB Corp.,
131 S.W.3d 181, 184 (Tex. App.--Fort Worth 2004, no pet.)) (observing that "[t]he first three
requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted
appeal if they are not met").
2. Cf. Tex. R. Civ. P. 106(a)(2) (permitting service of citation by registered or certified mail,
return receipt requested). "Signature confirmation," by contrast, provides only confirmation of
delivery to a recipient at the address, and it does not provide a receipt showing when it was mailed.