**Opinion issued May 25, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-21-00666-CV**

———————————

**ARTIS CHARLES HARRELL, Appellant**

**V.**

**CATHERINE VERLANDER EVANS AND BRANCH JOHNSON BRINSON,
Appellees**

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2021-31180**

---

**MEMORANDUM OPINION**

Appellant Artis Charles Harrell, pro se, appeals from the trial court's orders declaring him a vexatious litigant and dismissing his claims against appellees Catherine Verlander Evans and Branch Johnson Brinson. In two issues on appeal, Harrell argues that the trial court erred: (1) in dismissing his claims against Evans

under Texas Rule of Civil Procedure Rule 91a and (2) in declaring him a vexatious litigant and dismissing his claims against Brinson with prejudice.

Because we conclude that there is no appealable final judgment, we dismiss Harrell's appeal for want of jurisdiction.

## Background

Harrell is an indigent inmate serving a 99-year sentence on a conviction for aggravated robbery.[1] In 2006, Harrell sued Brinson, Harrell's former commercial landlord, along with other defendants, alleging that Brinson had wrongfully terminated his lease for a workstation at a hair salon, unlawfully entered Harrell's workstation, and removed items that did not belong to him without Harrell's permission (the 2006 litigation). The items removed from Harrell's workstation were used to connect Harrell with an aggravated robbery, for which he was convicted. After he began his prison sentence for the aggravated robbery, Harrell's claims against two of the defendants in the 2006 litigation were dismissed for want of prosecution, and his claims against Brinson were defeated on summary judgment.

---

[1] *See Harrell v. State*, No. 14-05-00753-CR, 2006 WL 1140418, at *1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, pet. ref'd) (mem. op., not designated for publication).

Harrell filed a direct appeal, which was dismissed for nonpayment of fees,[2] a second attempt at appeal through a restricted appeal, which was dismissed for lack of jurisdiction,[3] and two petitions for writ of mandamus, which were both denied.[4] In 2015, Harrell filed a bill of review seeking to vacate the dismissal for want of prosecution entered in the 2006 litigation, and to reopen the 2006 litigation and grant a new trial.[5] Harrell's 2015 suit was dismissed on summary judgment. Harrell did not appeal that ruling.

In May 2021, Harrell filed the current lawsuit against Brinson and Evans for fraud, conspiracy to commit fraud, and violations of his civil rights under 42 U.S.C. Section 1983. Harrell alleged that Brinson provided false testimony against him at a July 2006 suppression hearing in his criminal case for aggravated robbery. Harrell also alleged that Brinson conspired with Evans, the Assistant District Attorney prosecuting Harrell for aggravated robbery, to present this false testimony and, in

---

[2]     *See Harrell v. Brinson*, No. 01-13-00313-CV, 2013 WL 3523775, at *1 (Tex. App.—Houston [1st Dist.] July 11, 2013, no pet.) (mem. op.).

[3]     *See Harrell v. Brinson*, No. 01-13-00786-CV, 2013 WL 6506511, at *1–2 (Tex. App.—Houston [1st Dist.] Dec. 10, 2013, pet. denied) (mem. op.).

[4]     *See In re Harrell*, No. 01-13-00517-CV, 2014 WL 866044, at *1 (Tex. App.—Houston [1st Dist.] Mar. 4, 2014, orig. proceeding) (mem. op.); *In re Harrell*, No. 01-13-00535-CV, 2014 WL 866062, at *1 (Tex. App.—Houston [1st Dist.] Mar. 4, 2014, orig. proceeding) (mem. op.).

[5]     *See Harrell v. Brinson*, Cause No. 2015-49280, 189th District Court of Harris County, Texas.

doing so, violated his Fifth and Fourteenth Amendment rights under the United States Constitution.

Brinson answered and moved to designate Harrell as a vexatious litigant under Texas Civil Practice and Remedies Code Section 11.051. Brinson argued that Harrell had previously litigated the same or similar claims in the 2006 litigation, and after those claims were disposed of on summary judgment in favor of Brinson, Harrell attempted to raise these same claims again in 2015. Brinson also moved to dismiss Harrell's claims against him in their entirety.

Evans answered and asserted the affirmative defenses of absolute prosecutorial immunity, qualified immunity, official immunity, and statute of limitations. Arguing that this suit is frivolous, Evans also sought the recovery of costs and court fees pursuant to Section 14.006 of the Texas Civil Practice and Remedies Code.[6] Evans additionally moved to dismiss Harrell's claims against her pursuant to Texas Rule of Civil Procedure 91a, arguing that Harrell's claims that she

---

[6]   Chapter 14 of the Texas Civil Practice and Remedies Code applies to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE § 14.002.

"violated Harrell's constitutional rights by knowingly having Branch Johnson Brinson . . . commit aggravated perjury" were barred by absolute immunity.[7]

In response to Evans's 91a motion to dismiss, Harrell filed two supplemental petitions that included additional allegations of constitutional violations. Evans did not amend her Rule 91a motion to dismiss in response to Harrell's supplemental petitions.

On September 27, 2021, the trial court conducted a hearing on Brinson's motion to designate Harrell a vexatious litigant and to dismiss his claims. Although it is unclear from Brinson's motion the procedural basis for dismissal, at the hearing, Brinson stated that, like Evans, he was moving to dismiss Harrell's claims against him under Rule 91a. Because Harrell was not provided the required notice of the setting of Evans's 91a motion to dismiss, the trial court instructed the parties to reset Evans's motion for submission, rather than oral hearing, on October 18. Harrell's second supplemental petition was filed on October 13.

On October 18, 2021, the trial court entered two orders. The first order designated Harrell a vexatious litigant and dismissed Harrell's claims against

---

[7] Rule 91a.1 provides: "*Except in* a case brought under the Family Code or *a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code*, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1 (emphasis added).

5

Brinson with prejudice. The second order granted Evans's 91a motion and dismissed with prejudice Harrell's "claims against [Evans] made the subject of the pending 91A motion."

In his notice of appeal, Harrell purported to appeal from the trial court's "[d]ismissal on Defendant's [Branch] Motion" and "[f]inding [Harrell] a [v]exatious [l]itigant," as well as the "[p]artial [d]ismissal on Defendant's [m]otion (Catherine Verlander Evans)."

## Appellate Jurisdiction

As an initial matter, we address whether we have jurisdiction to consider the merits of this appeal.[8]

Appellate jurisdiction is never presumed, and we are obligated to review sua sponte issues affecting our jurisdiction. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018). This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Texas Legislature has

---

[8] On April 18, 2023, this Court issued a notice to the parties, informing them that this appeal is subject to dismissal for want of jurisdiction because the appellate record does not contain an appealable final judgment. *See* TEX. R. APP. P. 42.3(a). We ordered the parties to respond to the notice within thirty days and to demonstrate this Court's jurisdiction over this appeal. On May 4, Harrell filed his response stating he "agrees and accepts this Court's dismissal of the appeal for want of jurisdiction, as it is the right decision by this Court." Appellees did not file a response.

designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014.

An order granting a motion to dismiss under Texas Rule of Civil Procedure 91a has not been specifically designated as an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *see also DRC Constr. v. Pickle*, No. 01-20-00576-CV, 2022 WL 479918, at *4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (mem. op.) (noting there is "[n]o statutory or other authority [that] allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims").

Accordingly, we can exercise jurisdiction over this appeal only if the trial court's October 18 orders constitute a final judgment. *See McClairne v. PrimeWay Fed. Credit Union*, No. 01-22-00812-CV, 2023 WL 307484, at *1 (Tex. App.—Houston [1st Dist.] Jan. 19, 2023, no pet.) (mem. op.). In cases in which a judgment has been rendered without a conventional trial on the merits, the judgment is not final unless it (1) actually disposes of all pending claims and parties or (2) clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

If an order that is purported to be a final judgment contains a "clear and unequivocal" finality phrase disposing of the entire case, it is final—and the failure

to actually dispose of all claims and parties renders it erroneous but not interlocutory. *Jones*, 629 S.W.3d at 924; *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (per curiam); *see also Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention.").

Here, the trial court entered, and Harrell purports to appeal from, two separate orders signed on October 18, 2021. In the first order, the trial court granted Brinson's "Motion to Designate Plaintiff as a Vexatious Litigant and to Dismiss . . . Brinson, pursuant to the Texas Civil Practice and Remedies Code." That order provides:

> Motion GRANTED. The court designates Plaintiff Artis Charles Harrell as a vexatious litigant and dismisses with prejudice Plaintiff's claims against Defendant Branch Johnson Brinson. Plaintiff takes nothing from Defendant Branch Johnson Brinson.

In the second order, the trial court granted Evans's Rule 91a motion to dismiss, stating:

> Motion GRANTED. Plaintiff's claims asserted against Catherine Verlander made the subject of the pending 91A motion are dismissed with prejudice. Plaintiff takes nothing from these claims from Catherine Verlander. So ORDERED.

The trial court's October 18 orders do not satisfy either requirement for finality.

As noted above, Evans filed her Rule 91a motion to dismiss in response to Harrell's original petition which contained the following allegations against Evans:

8

¶ 3. On July 6, 2005, Catherine Verlander Evans violated Artis Charles Harrell's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution by knowingly having Branch Johnson Brinson to commit aggravated perjury. Ms. Evans Had Mr. Brinson to testify that Mr. Brinson had found Monetta Burgess's stolen property in Mr. Harrell's leased premises. See attached and incorporated by reference, Exhibit 1, Reporter's Record on Motion to Suppress, at page 16 lines 16 through 25 and page 17 lines 1 through 12.

¶ 4. On July 6, 2005, Catherine Verlander Evans violated Artis Charles Harrell's constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution by knowingly having Branch Johnson Brinson (yto commit aggravated perjury. Ms. Evans had Mr. Brinson to testify that Mr. Brinson had allowed law enforcement into Mr. Harrell's leased premises on February 9, 2004 and recovered Monetta Burgess's stolen property. See attached and incorporated by reference, Exhibit 1, Reporter's Records on Motion to Suppress, at page 17 lines 16 through 25 and page 18 lines 1 through 5.

In her motion to dismiss, Evans argued that because these specific allegations—that she allegedly solicited false testimony from Brinson—arose solely from her actions as an Assistant District Attorney with the Harris County District Attorney's Office, they are barred by absolute prosecutorial immunity.

In response to Evans's 91a motion, Harrell filed two supplemental petitions. The first supplemental petition was filed September 8, and the second supplemental petition was filed October 13—five days before the submission date. *See* TEX. R. CIV. P. 91a.5(b) (permitting respondent to "amend[] the challenged cause of action at least 3 days before the date of the hearing"). In these supplemental petitions, Harrell added new allegations asserting that Evans violated additional constitutional rights, including:

- By holding Harrell in "unlawful custody from March 3, 2004 through May 10, 2004" and by "having her investigators force Harrell into participating in

9

a live lineup identification on March 11, 2004, Evans was functioning as an investigator" and violated Harrell's "constitutional right to be free from unreasonable seizure."

- On or before March 11, 2004, outside the courtroom, Catherine Verlander Evans assisted and[/]or advised Kimberely[sic] Miller, the aggravated robbery investigator with the City of Houston Police Department, to place Artis Charles Harrell in a live lineup identification confrontation in violation of Artis Charles Harrell's constitutional rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution knowing that no magistrate had issued an arrest warrant for Artis Charles Harrell's March 3, 2004 arrest, nor was there probable cause and exigent circumstances for the police entering Artis Charles Harrell's residence without Harrell's consent. Evans knew that Harrell had been appointed counsel on March 5, 2004.

Although Harrell's supplemental petitions alleged new constitutional violations, and thus new Section 1983 claims, Evans did not amend her 91a motion to address these new claims. *See* TEX. R. CIV. P. 91a.2 ("A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both."); *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 245 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

As a result, the trial court's order granting Evans's 91a motion only dismissed those claims asserted against Evans that were "made the subject of the pending 91A motion" and specified that Harrell takes "nothing from [Evans on] these claims." Stated differently, because Evans's 91a motion to dismiss did not address the new claims raised in Harrell's supplemental petitions, the October 18 order granting Evans's 91a motion did not dispose of those claims. Furthermore, neither October

10

18 order states with "unmistakable clarity" that it is intended to be a final judgment disposing of all claims and all parties or contains any finality language such as a sentence stating, "This order finally disposes of all parties and all claims and is appealable." *See Lehmann*, 39 S.W.3d at 206.

Consequently, because the October 18 order dismissing Harrell's claims "made the subject of [Evans'] pending 91A motion" did not dispose of all pending claims against Evans, and because there was no severance of the claims dismissed in either October 18 order, we conclude that neither October 18 order constitutes a final and appealable judgment. *See Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 205; *see also Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 187 n.5 (Tex. App.—Fort Worth 2004, no pet.) ("[A] trial court may sever dismissed claims from remaining claims in order to render an otherwise interlocutory judgment final and appealable."). Indeed, no statutory or other authority allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims. *See DRC Constr.*, 2022 WL 479918, at *4 (holding order granting 91a motion did not dispose of all pending claims and therefore was not final judgment).[9]

---

[9]    *Cf. In re Shire PLC*, 633 S.W.3d 1, 11 n.3 (Tex. App.—Texarkana 2021, orig. proceeding [mand. denied]) (stating that if trial court grants Rule 91a motion that disposes of all pending claims and parties, "an appeal is allowed because the decision is final"); *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 660–61 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (reviewing order granting Rule 91a

We therefore hold that because the October 18 orders are merely interlocutory, we lack appellate jurisdiction over this appeal. *See CMH Homes*, 340 S.W.3d at 447; *DRC Constr.*, 2022 WL 479918, at *4.

We dismiss all pending motions as moot.

## Conclusion

We dismiss this appeal in all things for lack of appellate jurisdiction.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

---

motion to dismiss on plaintiff's breach of fiduciary duty claim after order became final following grant of summary judgment on plaintiff's other claims); *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 182–83 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (trial court signed order granting Rule 91a motion and dismissing all plaintiff's claims; several months later, after defendant moved for attorney's fees, court signed final judgment dismissing plaintiff's claims and awarding attorney's fees to defendant).