**Opinion issued July 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00145-CV

———————————

**AMIN DEVON JONES, Appellant**

**V.**

**BELLUM CIVILE, LLC, Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-86307**

---

## MEMORANDUM OPINION

Appellant Amin Devon Jones appeals an interlocutory order granting appellee Bellum Civille LLC's motion to dismiss under Texas Rule of Civil Procedure 91a. Because the order is neither a final judgment nor an appealable interlocutory order, we dismiss the appeal.

## Background

Bellum filed suit against Ann Banda, a non-party to this appeal. Banda answered and filed several counterclaims against Bellum. Jones intervened into the suit, alleging several causes of action against Bellum. Bellum moved to dismiss Jones's causes of action under Rule 91a. The trial court signed an order granting the motion and dismissing Jones's claims.

Although Bellum's and Banda's claims remained pending, Jones appealed the Rule 91a dismissal order. Bellum moved to dismiss the appeal for lack of jurisdiction, asserting that the dismissal order is neither a final judgment nor an appealable interlocutory order. Jones has not responded to the motion.

## This Court Lacks Jurisdiction over Appeal

Appellate jurisdiction is never presumed, and, even without a motion, we are obligated to review sua sponte issues affecting our jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018). We generally have jurisdiction only over appeals from final judgments and from interlocutory orders designated by the Texas Legislature as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (listing types of interlocutory orders for which appeal is authorized).

The Texas Legislature has not designated an order granting a motion to dismiss under Rule of Civil Procedure 91a as an appealable interlocutory order. *See*

TEX. CIV. PRAC. & REM. CODE § 51.014; *see also Harrell v. Evans*, No. 01-21-00666-CV, 2023 WL 3634318, at *3 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (recognizing that legislature has not designated Rule 91a dismissal as appealable order). Accordingly, we can exercise jurisdiction over this appeal only if the dismissal order constitutes a final judgment. *See CMH Homes*, 340 S.W.3d at 447; *Harrell*, 2023 WL 3634318, at *3. Courts will deem a judgment without a trial to be final (1) when the judgment disposes of every pending claim and party or (2) when it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *See In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021).

Neither the Rule 91a dismissal order nor any other order in the record disposes of Bellum's and Banda's claims against each other. *See id.* The dismissal order also does not contain finality language, that is, it does not state that it finally disposes of all claims and parties. *See id.* Further, the record does not reflect that either Bellum or Banda nonsuited their respective claims, nor does the record reflect a severance order rendering the Rule 91a dismissal order final. *See id.*; *see also Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 187 n.5 (Tex. App.—Fort Worth 2004, no pet.) (explaining that trial court may sever dismissed claims from remaining claims to render interlocutory judgment final and appealable).

We hold that, because the Rule 91a dismissal order is neither a final judgment nor an appealable interlocutory order, we lack jurisdiction over this appeal. *See Harrell*, 2023 WL 3634318, at *3.

## Conclusion

We grant Bellum's motion to dismiss and dismiss the appeal for lack of jurisdiction. We deny all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.